UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

MICHAEL DELGADO,

                              Plaintiff,

                                                      9:21-cv-00120
                                                      (MAD/TWD)
v.

C.O. DELVIN, C.O. LAWFER, and
C.O. CABRERA,

                              Defendants.

_____

APPEARANCES:                                OF COUNSEL:

MICHAEL DELGADO
*Plaintiff, Pro Se*
(Last Known Address)
07-A-3535
Fishkill Correctional Facility
P.O. Box 1245
Beacon, NY 12508

HON. LETITIA JAMES                          BRITTANY M. HANER, ESQ.
Attorney General for the State of New York  Assistant Attorney General
Counsel for Defendant
The Capitol
Albany, NY 12224

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## <u>REPORT-RECOMMENDATION AND ORDER</u>

        This matter has been referred for a Report and Recommendation by the Hon. Mae A.

D'Agostino, U.S. District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

Pending before the Court is Defendants' unopposed letter motion to dismiss Plaintiff's complaint

for failure to prosecute.  (Dkt. No. 49.)  For the reasons set forth below, the Court recommends

granting Defendants' motion.

## I.    BACKGROUND

*Pro se* Plaintiff Michael Delgado, whose address is not currently known to the Court, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 in the Western District of New York ("Western District") in April 2020, together with an application to proceed *in forma pauperis* ("IFP").  (Dkt. Nos. 1, 2.)  In the complaint, Plaintiff asserts claims for the violation of his constitutional rights arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Elmira Correctional Facility ("Elmira C.F.") and Clinton Correctional Facility ("Clinton C.F.").  (*See generally* Dkt. No. 1.)  At the time he filed the complaint, Plaintiff was incarcerated at Attica Correctional Facility ("Attica C.F.").  *See id*. at 1.

By Decision and Order filed on February 1, 2021, Western District Judge Elizabeth A. Wolford granted Plaintiff's IFP application and severed and transferred the portion of Plaintiff's claims regarding events that occurred at Clinton C.F. to the Northern District of New York. (Dkt. No. 4.)  The Western District retained jurisdiction over the claims that arose at Elmira C.F. *Id*.

On March 15, 2021, the Court reviewed the sufficiency of the complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.  (Dkt. No. 6.)  On the basis of that review, the Court found the following claims required a response: (1) Fourth Amendment claims against Doe 1, Doe 2, and Sgt. Doe; (2) Eighth Amendment excessive force and failure to intervene claims against Lawfer and Cabrera; (3) Eighth Amendment conditions of confinement claim against Cabrera; and (4) First Amendment retaliation claim against Devlin.  (Dkt. No. 6.)  Corrections Officers Lawfer, Cabrera, and Devlin ("together, "Defendants"), answered the complaint on June 4, 2021.  (Dkt. No. 19.)

On June 7, 2021, the Court issued a mandatory pretrial discovery and scheduling order. (Dkt. No. 20.)  On July 19, 2021, Plaintiff filed a letter advising of his transfer to Fishkill Correctional Facility ("Fishkill C.F.").  (Dkt. No. 24.)  Subsequently, Plaintiff filed his third and fourth requests for appointment of counsel, which were denied without prejudice.  (*See* Dkt. Nos. 26, 28, 33, 35.)  In October of 2022, Defendants requested and received a final extension of the dispositive motion deadline.  (Dkt. Nos. 38, 39.)

On October 25, 2022, Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  (Dkt. No. 40.)  Plaintiff's response deadline was set for November 15, 2022.  (Dkt. No. 41.)

However, beginning on October 31, 2022, mail which was sent to Plaintiff at Fishkill C.F. from the Court and Defendants was returned as deliverable and marked released.  (*See* Dkt. No. 42, 43, 44.)  Accordingly, on December 7, 2022, the Court issued the following Text Order:

> Court has reviewed docket and defendants' status report (Dkt. No. 43) which the Court also considers a request for assistance in serving plaintiff with the pending summary judgment motion (Dkt. No. 40).  It appears plaintiff has been released from incarceration and mail to plaintiff from the Court has been returned.  (See Dkt. Nos. 43, 44.)  Therefore, **the response time to the motion for summary judgment is held in abeyance at this time.**  Plaintiff must notify the Court of his new address within thirty (30) days of the date of this Text Order.  Plaintiff's failure to update his address may be grounds for sanctions, including but not limited to a recommendation to dismiss the action for failure to prosecute and failure to follow Court orders and directives.  The Clerk is directed to send this Text order to the last known address for the plaintiff. Counsel for defendants is to file a status report with the Court by 1/27/2023 regarding any contact from plaintiff or information about plaintiff's location.

(Dkt. No. 45.)  On January 26, 2023, Defendants provided the Court with a status update indicting counsel attempted to serve Plaintiff by postal mail with the summary judgment motions papers on October 31, 2022, at Fishkill C.F., his address of file, but it was returned as

undeliverable. (Dkt. No. 46.) Counsel noted Plaintiff was released from incarceration on

September 20, 2022, and she had not had any contact with Plaintiff since. *Id*.; *see also*

https://nysdoccslookup.doccs.ny.gov/ (indicating Plaintiff (DIN 07A3535) was released from

DOCCS custody to parole on September 20, 2022) (last visited Apr. 19, 2023).

On January 27, 2023, the Court issued the following Text Order:

> The court reviewed defendants' status report (Dkt. No. 46)
> regarding any contact with Plaintiff. It appears Plaintiff was
> released from incarceration on 9/20/2022 and mail to him has been
> returned. (Dkt. Nos. 43, 44.) Court also directed him to notify the
> Court of his new address. (Dkt. No. 45.) He has not contacted the
> Court or defendants' counsel to properly make notification of a
> change of address as required by Court Rules. Court will provide
> plaintiff with one final opportunity to show the Court he is
> interested in pursuing this action. It is hereby ORDERED that on
> or before 2/28/2023, Plaintiff shall provide his current address and
> telephone number to the Court and show good cause as to why the
> Court should not recommend that this action be dismissed for
> failure to prosecute and failure to follow Court orders and
> directives.

(Dkt. No. 47.) The Text Order was sent to Plaintiff via regular mail at his last known address,

Fishkill C.F., but it was returned as undeliverable. (*See* Dkt. Nos. 47, 48.)

On March 7, 2023, Defendants filed the instant letter motion to dismiss the action for

failure to prosecute. (Dkt. No. 49.) The Court ordered Plaintiff to respond to the motion by

March 28, 2023. (Dkt. No. 50.) The Text Order was sent to Plaintiff via regular mail at his last

known address, Fishkill C.F., but it was also returned as undeliverable. (*See* Dkt. No. 50, 51.)

To date, Plaintiff has not provided his current address and telephone number to the Court, nor

has he responded to Defendants' motion to dismiss.

## II.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its

discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to

comply with the procedural rules or orders of the court. Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *see also Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006). This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996).

Determining whether an action should be dismissed under Rule 41(b) involves the analysis of five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). No singular factor is dispositive. *Nita v. Connecticut Dep't of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (quoting Fed. R. Civ. P. 41(b)). The Court addresses these factors in turn.

As to the duration of Plaintiff's failure to comply, the Court notes Local Rule 41.2(a) of "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." L.R. 41.2(a). Upon review of the docket, Plaintiff has failed to communicate as directed with the Court since his release from incarceration on September 20, 2022, seven months ago. Courts have repeatedly determined that a plaintiff's failure to comply with court orders for several months weighs in favor of dismissal. *See Mayer v. Clinton Cty.*, No. 9:17-CV-

905 (GLS/CFH), 2020 WL 5536800, at *5 (N.D.N.Y. Aug. 7, 2020) (citations omitted) (collecting cases supporting dismissal where the plaintiff did not appear or communicate with a court for four, five, or "more than six months[.]"), *report and recommendation adopted sub nom. Mayer v. Liberty*, 2020 WL 5531543 (N.D.N.Y. Sept. 15, 2020).  Thus, the first factor weighs in favor of dismissal.

Second, as to whether Plaintiff was on notice, the Court warned Plaintiff the failure to notify the Court and Defendants of any change in his address would result in dismissal of his case.  (*See* Dkt. No. 20.)  Plaintiff demonstrated that he understood this requirement and its importance when he updated his address with the Court on July 19, 2021.  (*See* Dkt. No. 24.) Additionally, as detailed above, Plaintiff failed to contact the Court or file appropriate documents after being directed to do so by the Court.  (*See* Dkt. Nos. 45, 47, 50.)  Plaintiff was warned that his failure to do so would constitute ground for a recommendation of dismissal.  Thus, the second factor weighs in favor of dismissal.

The third factor is also satisfied as further delay is likely to prejudice Defendants. Plaintiff commenced this action three years ago and the events giving rise to Plaintiff's claims allegedly occurred in 2017.  (*See* Dkt. No. 1.)  Defendants have filed a motion for summary judgment on October 25, 2022, but Plaintiff's response deadline has been held in abeyance by the Court since December 7, 2022.  (Dkt. No. 45.)  *See Caussade v. U.S.*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) ("Where a [p]laintiff has become inaccessible for months at a time, courts presume prejudice.") (citations omitted); *see also Georgiadis v. The First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade.").  Therefore, the third factor also weighs in favor of dismissal.

The fourth factor addresses the balance between the Court's interest in functioning efficiently, and Plaintiff's interest in having an opportunity to be heard. *See Lucas*, 84 F.3d at 535. Under the circumstances, the Court finds the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to be heard in this case. *See Perez v. Wallace*, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2865737, at *3 (N.D.N.Y. Apr. 11, 2016); *see also Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (citation omitted) ("Although [the plaintiff's] failure to prosecute is a 'silent' failure," as opposed to one that is "vexatious and burdensome[,]" "the Court has a strong interest in managing its docket and cannot indefinitely wait for [the plaintiff] to turn his attention to this case. Furthermore, his 'failure to comply with the court's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim."). Thus, this factor also weighs in favor of dismissal.

Finally, the Court has carefully considered sanctions less drastic than dismissal and finds them to be inadequate under the circumstances. *See, e.g., Flynn v. Ward*, No. 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) (noting that lesser sanctions were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [him]"); *see also Anthony v. Lyons*, No. 9:18-CV-0849, 2021 WL 1701754 (GLS/CFH), at *5 (N.D.N.Y. Apr. 12, 2021) ("Dismissal has been found to be an 'adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed.'"); *McKnight v. J. Ferrick, et al.*, No. 9:16-CV-0957 (TJM/DEP), 2017 WL 3172794, at *3 (N.D.N.Y. June 30, 2017) ("plaintiff's failure to communicate, which by now is nearly six months, weighs in favor of dismissal . . . [a]lthough the length of plaintiff's delay to date is not

exceedingly long, there is no indication of an end to his inactivity.").  As such, the fifth factor also weighs in favor of dismissal.

Accordingly, based upon Plaintiff's failure to comply with orders and directives from the Court, and after considering the factors relevant to a dismissal under Rule 41(b), the Court recommends granting Defendants' motion to dismiss and dismissing Plaintiff's complaint with prejudice.  *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1725 (2020) (citation omitted) ("Federal Rule of Civil Procedure 41(b) . . . tells courts to treat the dismissal 'as an adjudication on the merits'—meaning a dismissal with prejudice."); *see also Hutcheon v. Farnum*, No. 9:18-CV-00203 (MAD/CFH), 2019 WL 7971873, at *3 (N.D.N.Y. Nov. 4, 2019) (collecting cases to support dismissal with prejudice).

**WHEREFORE**, for the reasons set forth above, it is hereby

**RECOMMENDED** that Defendants' motion to dismiss (Dkt. No. 49) be **GRANTED** and Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2008) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report.[1]  Such objections shall be

---

[1] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

      **IT IS SO ORDERED.**

Dated: April 20, 2023
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

2020 WL 5536800
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Martin Peter MAYER, Plaintiff,
v.
CLINTON COUNTY, et al., Defendants.

No. 9:17-CV-905 (GLS/CFH)
|
Signed 08/07/2020

**Attorneys and Law Firms**

Martin Peter Mayer, 51 Richmond Avenue, Apartment AO, Buffalo, New York 14222, Plaintiff pro se.

OF COUNSEL: APRIL J. LAWS, ESQ., COREY A. RUGGIERO, ESQ., GREGG T. JOHNSON, ESQ., LORRAINE CLARE JELINEK, ESQ., Johnson & Laws, LLC, 648 Plank Road, Suite 204, Clifton Park, New York 12065, Attorneys for defendant Shannon Finnell.

**REPORT-RECOMMENDATION AND ORDER** [1]

[1] This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

CHRISTIAN F. HUMMEL, U.S. MAGISTRATE JUDGE

**\*1** Plaintiff pro se Martin Peter Mayer ("plaintiff"), a former pretrial detainee who was, at all relevant times, in the custody of the Clinton County Correctional Facility ("Clinton County C.F."), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendants Registered Physician Assistant Scott Liberty ("Liberty"), Dr. Glenn Schroyer ("Schroyer"), and Registered Nurse Shannon Finnell [2] ("Finnell")—who, at all relevant times, were employed at Clinton County C.F.—violated his constitutional rights under the Fourteenth Amendment. See Dkt. No. 21. Presently pending before the Court are Finnell's renewed Motions to Dismiss pursuant to Rule 37(b), Rule 37(d), and Rule 41(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), as well as Local Rules 10.1(c)(2) and 41.2(b). See Dkt. Nos. 65, 66. For the following reasons, it is recommended that Finnell's motions be granted.

[2] The correct spelling of this defendant's name is "Finnell," not "Finnel." See Dkt. No. 45 at 1 (noting that defendant's correct name is "Shannon Finnell," but that she was sued as "Shannon Finnel."). The Clerk of the Court is respectfully requested to modify the docket accordingly.

**I. Background**

Plaintiff commenced this action in the Western District of New York on July 18, 2017, while incarcerated at Buffalo Federal Detention Center, located at 4250 Federal Drive, Buffalo, New York 14020. See Dkt. No. 1. On August 17, 2017, the Western District transferred the action to this Court. See Dkt. No. 3. On September 5, 2017, plaintiff filed a motion for leave to proceed in forma pauperis ("IFP"). See Dkt. No. 6. On September 27, 2017, Senior District Court Judge Gary L. Sharpe granted plaintiff's IFP application and dismissed plaintiff's claims for monetary damages against Clinton County C.F. and the Clinton County Sheriff, David N. Faro ("Faro"), in his official capacity, with prejudice, and all other remaining claims without prejudice. See Dkt. No. 9 at 13-15. The Court instructed plaintiff that, if he wished to proceed with this action, he must file an amended complaint. See id. On October 12, 2017, plaintiff filed an amended complaint. See Dkt. No. 10. The Court dismissed plaintiff's amended complaint for failure to state a claim and, again, ordered that if plaintiff wished to proceed in this action, he must file an amended complaint within 30 days of the Court's Decision and Order. See Dkt. No. 14 at 3. Plaintiff filed a second amended complaint on December 18, 2017. See Dkt. No. 16.

On January 24, 2018, upon review of plaintiff's second amended complaint (Dkt. No. 16), the Court dismissed plaintiff's claims against Clinton County and Faro pursuant to 28 U.S.C.§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b); and ordered that plaintiff's Fourteenth Amendment claims against defendants Finnell, Liberty, and Schroyer survived sua sponte review and required a response. See Dkt. No. 19 at 9. In the January 24, 2018 Decision and Order, the Court stated: "Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; [his] failure to do so will result in the dismissal of his action." Dkt. No. 19 at 10 (emphasis omitted). In addition, because plaintiff's second amended complaint was not signed, the Court granted him permission to submit a

signed certificate verifying his signature within 30 days, see id. at 8-9, which he did, and his second amended complaint was re-filed on February 6, 2018. See Dkt. No. 21. On April 26, 2018, plaintiff notified the Court of his change in address from Buffalo Federal Detention Center to 221 Rapin Place, Buffalo, New York 14211. See Dkt. No. 29.

**\*2** On May 1, 2018, the undersigned issued a Mandatory Pretrial Discovery and Scheduling Order, which set discovery and motion deadlines. See Dkt. No. 30. The undersigned also directed plaintiff to produce specific categories of documents to Finnell, and granted Finnell leave to conduct a deposition of plaintiff. See id. at 1, 4. On August 14, 2018, Finnell served plaintiff with a document entitled First Demand for the Production of Documents and Things, dated July 9, 2018. See Dkt. No. 45-2. On September 12, 2018, Finnell sent plaintiff a letter requesting that he complete and sign a form authorizing the release of his health information so that she could obtain his records from the Clinton County Sheriff's Department. See Dkt. No. 45-3. On October 19, 2018, Finnell served plaintiff a Deposition Notice. See Dkt. No. 45-4. Finnell requested that plaintiff confirm his appearance at the deposition. See id. at 2. Finnell mailed the aforementioned documents to plaintiff's 221 Rapin Place address provided in his April 26, 2018 Notice of Change of Address. See Dkt. No. 45-6. Plaintiff did not respond to these discovery demands and failed to communicate with Finnell. See Dkt. No. 45-5 at 6-7.

On October 26, 2018, Finnell filed a letter motion requesting that the undersigned hold a conference to address plaintiff's failure to respond to the Mandatory Pretrial Discovery and Scheduling Order, demands for production of documents, and a letter requesting confirmation of a properly-noticed deposition. See Dkt. No. 40 at 1. On November 8, 2018, the undersigned issued a Text Order scheduling a status conference for November 27, 2018. See Dkt. No. 41. The undersigned directed both parties to appear in person and advised plaintiff that he should immediately inform the Court if he was unable to appear. See id. The undersigned also informed plaintiff that "failing to attend court Ordered conferences as directed and failing to notify the Court of any change in address may result in the dismissal of this case." Id. Plaintiff failed to appear at the November 27, 2018 conference, and did not otherwise contact the Court. See Text Min. Entry dated Nov. 27, 2018; Dkt. No. 45-5 at 7. That same day, the undersigned set a briefing schedule for Finnell to file a Motion to Dismiss for failure to prosecute. See Dkt. No. 42.

On January 11, 2019, Finnell filed a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute the action or comply with Court orders or, in the alternative, pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failure to comply with the Court's May 2018 discovery Order. See Dkt. Nos. 45; 45-5 at 8-16, 17-20. On January 30, 2019, Finnell renewed her motion to dismiss after plaintiff failed to respond by the January 25, 2019 deadline. See Dkt. No. 46. On February 25, 2019, the undersigned issued a Text Order indicating that it appeared that plaintiff had changed addresses. See Dkt. No. 48; see also Dkt. No. 47 (letter addressed to the Board of Immigration Appeal, but sent to the Northern District, indicating that plaintiff resided at 50 Wyoming Ave, Buffalo, New York 14215). In light of plaintiff's pro se status, the Court granted him an extension of time until March 18, 2019, to file a response. See Dkt. No. 48. The undersigned noted that "[p]laintiff's failure to file any response to the motion may result in the motion being granted since the court will not have the benefit of the plaintiff's response to consider in making its decision." Id. On March 8, 2019, plaintiff filed a response. See Dkt. No. 49.

In April 2019, the undersigned issued a Report-Recommendation & Order recommending that, in light of plaintiff's pro se status, Finnell's motion to dismiss be denied without prejudice to renew. See Dkt. No. 50 at 8-10. On June 6, 2019, plaintiff filed objections to the April 2019 Report-Recommendation & Order by letter with a return address of 51 Richmond Ave, Buffalo, New York 14222. See Dkt. No. 52. On July 18, 2019, the Court sent notice of a telephone conference to the parties to be held on August 1, 2019. See Dkt. No. 53. The Court mailed the notice to plaintiff's 50 Wyoming Ave, Buffalo, New York 14125 address. See Dkt. No. 57. Plaintiff did not appear for that conference and Finnell was given permission to renew her motion to dismiss. See Text Min. Entry dated August 1, 2019. Thereafter, the Court set a briefing schedule for Finnell's renewed motion to dismiss in which plaintiff was directed to respond to the motion by September 25, 2019, and the Court warned plaintiff that his "failure to respond, abide by Court Orders and failing to attend Court Ordered conferences may result in sanctions to include dismissal of this action." Dkt. No. 54.

**\*3** On August 15, 2019, the Court received a letter from plaintiff that listed his current address as 51 Richmond Ave, Apt. AO, Buffalo, New York 14222; indicated that he received the Court's July 18, 2019 notice of conference, which he referred to as the "Minute Entry filed on [August 1, 2019]"; and stated that he was currently homeless and

awaiting his pending immigration hearing. Dkt. No. 55 at 1 (internal quotation marks omitted); see id. at 2, 4, 5. Plaintiff explained that he was unable to afford, among other things, to obtain print outs of his "Clinton County medical records again" and that he had sent "all documents [he] had to [the] Court." Id. at 4. On August 19, 2019, the Court gave the parties notice of a teleconference scheduled for August 22, 2019. See Dkt. No. 56. On August 21, 2019, the Court's July 18, 2019 notice of conference, which was sent to plaintiff's 50 Wyoming Ave address, was returned to the Court marked "not deliverable." Dkt. No. 57 at 1 (capitalization omitted).

On August 22, 2019, plaintiff appeared via telephone for a status conference in which the Court inquired as to the status of plaintiff's immigration proceedings, his ability to respond to discovery and travel to Albany for deposition and, if necessary, trial. See Text Min. Entry dated August 22, 2019. Plaintiff advised the Court that his immigration hearing was scheduled for September 10, 2019. See id. The Court then directed Finnell to again provide plaintiff with her discovery demands at "the address now confirmed as plaintiff's residence." Id. On August 23, 2019, the Court issued a Text Order extending the discovery deadline to December 31, 2019, and the motion deadline to February 10, 2020, and "strongly reminded [plaintiff] that failure to abide by Court Orders, to attend court directed conferences, or to respond to [d]iscovery demands can result in sanctions that may include dismissal of [the] case." Dkt. No. 58. On August 26, 2019, Finnell then sent a Deposition Notice to plaintiff's 51 Richmond Ave address; however, the notice was returned as undeliverable. See Dkt. No. 65-5 at 7-8. On September 10, 2019, Senior District Court Judge Gary L. Sharpe adopted the undersigned's April 2019 Report-Recommendation & Order in its entirety. See Dkt. No. 59.

On September 11, 2019, plaintiff sent a letter to the Court in response to Finnell's discovery requests in which he acknowledged the receipt of Finnell's requests, but stated that he was unable to comply due to being homeless and without funds to pay for the fees associated with obtaining the pertinent documents. See Dkt. No. 60 at 2-3. Thereafter, plaintiff did not communicate with the Court for a period of nearly three months, until he sent a letter to the Court on December 9, 2019, requesting a jury trial. See Dkt. No. 61. Finnell then filed a letter motion requesting the Court to schedule a conference "to address [p]laintiff's continu[ed] refusal to comply with discovery and Court Orders," Dkt. No. 62 at 1, which the Court granted and scheduled for December 27, 2019. See Dkt. No. 63.

On January 10, 2020, the Court issued a Text Order that instructed Finnell to file her motion to dismiss by February 21, 2020, and directed plaintiff to respond by March 12, 2020. See Dkt. No. 64. On February 21, 2020, Finnell filed her renewed motion to dismiss for failure to prosecute and failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b), failure to comply with this Court's May 2018 discovery order pursuant to Fed. R. Civ. P. 37(b)(2)(a), failure to appear for deposition pursuant to Fed. R. Civ. P. 37(d)(1)(A), and failure to provide this Court with an updated address pursuant to Fed. R. Civ. P. 42(b) and N.D.N.Y. L.R.10.1(c)(2) and 41.2(b). See generally Dkt. No. 65. Plaintiff did not file a response. On March 18, 2020, following the expiration of plaintiff's response deadline, Finnell filed a letter motion requesting dismissal of the action due to plaintiff's lack of response to her renewed motion to dismiss. See Dkt. No. 66.

## II. Discussion [3]

[3]    All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

**\*4** First, Finnell moves to dismiss the amended complaint for failure to prosecute and failure to comply with a court order pursuant to Fed. R. Civ. P. 41(b). See Dkt. No. 65-5. Finnell acknowledges, by reference to her first motion to dismiss, that the legal standard governing dismissal for failure to prosecute is very similar to the legal standard governing dismissal for failure to comply with a court order. See Dkt. No. 65-5 at 13; Dkt. No. 45-5 at 14. Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order...." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y. L.R. 41.2 (requiring dismissal when "it appears that the plaintiff has failed to prosecute an action...."). Since a Rule 41(b) dismissal "is a harsh remedy[, it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). "Further, where a plaintiff is proceeding pro se, 'courts should be especially hesitant to dismiss for procedural deficiencies....' " Perez v. Wallace, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2865737, at *2 (N.D.N.Y. Apr. 11, 2016) (quoting Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998)), report and recommendation adopted, No. 1:15-CV-240 (GTS/CFH), 2016 WL 2858677 (N.D.N.Y.

May 16, 2016). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (spacing added) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). "Generally, no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

After assessing the Lucas factors, the undersigned concludes that dismissal is appropriate. First, the duration of plaintiff's failure to comply with Court orders weighs in favor of dismissal. Prior to plaintiff's letter dated February 15, 2019, plaintiff had not been in contact with Finnell or the Court for a period over eight months. See Dkt. Nos. 45-5 at 8, 47. In that time, plaintiff failed to serve documents pursuant to the Court's May 2018 discovery Order or Finnell's July 2018 Demand for the Production of Documents and Things, did not obtain authorizations for medical records, and failed to respond to Finnell's Deposition Notice. See Dkt. Nos. 30, 45-5 at 7. Plaintiff filed a response to Finnell's January 2019 motion to dismiss and filed objections to the undersigned's Report-Recommendation and Order in March and June 2019, respectively. See Dkt. Nos. 49, 52. However, plaintiff failed to appear for a court-ordered conference on August 11, 2019. See Dkt. No. 54.

Although plaintiff notified this Court of a change in his address to 51 Richmond Ave on August 15, 2019; appeared for a Court ordered teleconference on August 22, 2019; and sent a letter regarding the outstanding discovery requests on September 11, 2019, plaintiff then did not contact this Court for nearly three months. See Dkt. Nos. 58, 60; Text Min. Entry dated Aug. 22, 2019. Following this period of inactivity, plaintiff filed a letter motion on December 9, 2019, and appeared for a Court ordered conference on January 9, 2020. See Dkt. No. 61; Text Min. Entry dated Jan. 9, 2020. However, he has not been in contact with this Court or Finnell since that date—a period of over six months—and has not opposed Finnell's renewed motion to dismiss. See Dkt. No. 61; Text Min. Entry dated Jan. 9, 2020. Additionally, plaintiff still has not resolved the outstanding discovery requests or responded to Finnell's second Deposition Notice. See Dkt. No. 45-5 at 7-8.

**\*5** Plaintiff's failure to communicate with this Court for the last six months, appear for conferences, or respond to Finnell's renewed motion to dismiss weighs in favor of dismissal. See Smith v. Graziano, No. 9:08-CV-469 (GLS/RFT), 2010 WL 1330019, at \*3 (N.D.N.Y. Mar. 16, 2010) (finding that the plaintiff's failure to communicate with the court or the defendant for "more than six months" weighed in favor of dismissal), report and recommendation adopted, No. 9:08-CV-469 (GLS/RFT), 2010 WL 1332503 (N.D.N.Y. Apr. 6, 2010); Hartley v. Devlin, No. 9:14-CV-1366 (GLS/CFH), 2018 WL 4087976, at \*2 (N.D.N.Y. July 30, 2018) (holding that no communication for a period of five months weighed in favor of dismissal when the plaintiff failed to appear for two conferences and failed to respond to the defendant's second motion to dismiss after the plaintiff had previously not been in communication for a period of four months), report and recommendation adopted, No. 9:14-CV-1366 (GLS/CFH), 2018 WL 4078267 (N.D.N.Y. Aug. 27, 2018); see also N.D.N.Y. L.R. 41.2(a) ("[T]he plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution."). Plaintiff's failure to resolve the outstanding discovery issues also weighs in favor of dismissal. See Perez, 2016 WL 2865737, at \*3 (holding that plaintiff's failure to participate in discovery for over a year weighed in favor of dismissal).

Second, regarding whether plaintiff was on notice that his failure to comply could result in dismissal, this Court notified him on at least three occasions that his failure to attend court ordered conferences or to notify the Court of any changes in address could result in dismissal of his case. See Dkt. Nos. 19, 41, 50. On at least three separate occasions, this Court also notified plaintiff that his failure to participate in this action could result in the dismissal of his case. See Dkt. Nos. 50, 54, 58. Thus, plaintiff was on notice that failing to comply with

court orders or otherwise participate in this action could result in dismissal. See Hartley, 2018 WL 4087976, at *2 (finding that the plaintiff had sufficient notice to justify dismissal for failure to prosecute where he "was advised on at least four occasions that the failure to comply with Court rules or to attend Court conferences may result in the dismissal of [his] action.").

Third, with respect to whether Finnell is likely to be prejudiced by further delays in the proceedings, Finnell's inability to depose plaintiff or collect necessary documents to defend herself in this matter weighs in favor of dismissal. See Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311 (SAS), 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal). Fourth, the undersigned concludes that "[p]laintiff's continu[ed] failure to comply with court orders [or] participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion." Perez, 2016 WL 2865737, at *3. Fifth, with regard to whether lesser sanctions than dismissal would be appropriate, the Court is aware that dismissal is a harsh remedy, especially when the plaintiff is pro se. See Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986). However, the undersigned concludes that lesser sanctions would have no effect on plaintiff or this litigation —which has been pending since July 2017. See Perez, 2016 WL 2865737, at *3 (finding that lesser sanctions would have no effect on litigation that had been pending for 13 months).

Finnell also moves to dismiss pursuant to Local Rules 10.1(c) (2) and 41.2(b) for plaintiff's failure to provide this Court with an updated address. See Dkt. No. 65-5 at 19. "All ... pro se litigants must immediately notify the Court of any [c]hange of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). "Failure to notify the Court of a change of address in accordance with [N.D.N.Y.] L.R. 10.1(c)(2) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b). The undersigned concludes that plaintiff's failure to keep his address current with the Court weighs in favor of dismissal. See Benitez v. Taylor, No. 9:13-CV-1404 (TJM/TWD), 2014 WL 7151607, at * 2-3 (N.D.N.Y. Dec. 13, 2014) (holding that the plaintiff's failure to prosecute and to inform the court of any changes in address weighed in favor of dismissal).

*6  Alternatively, Finnell moves to dismiss pursuant to Fed. R. Civ. P. 37(b)(2)(A) for failure to comply with this Court's

May 2018 discovery Order. Rule 37(b)(2)(A)(v) provides that, "[i]f a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders[, including] dismissing the action or proceeding in whole or in part."

> Courts must consider the following relevant factors when determining whether dismissal is appropriate under Fed. R. Civ. P. 37(b): "[1] the willfulness of the non-compliant party [and] the reason for the non-compliance; [2] the efficacy of lesser sanctions; [3] the duration of the period of non-compliance; and [4] whether the non-compliant party has been warned of the consequences of non-compliance."

Heendeniya v. St. Joseph's Hosp. Health Ctr., No. 5:15-CV-1238 (GTS/TWD), 2018 WL 5297806 (GTS/TWD), at *2 (N.D.N.Y. Oct. 25, 2018) (quoting Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009)). "Notably, in order to impose the extreme sanction of dismissal, the court must find 'willfulness, bad faith, or [ ] fault on the part of' the individual from who discovery is sought." Id. (quoting Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 758, 764 (2d Cir. 1990) (additional citation omitted)).

As to the willfulness of plaintiff's failure to comply with discovery, the undersigned concludes that this factor weighs in favor of dismissal. The Court instructed plaintiff that failing to abide by Court Orders or respond to discovery demands could result in dismissal of his case on at least three occasions. See Dkt. Nos. 50, 54, 58. Despite these warnings, plaintiff has not served any of the documents Finnell requested in the two years since her initial requests were made. Although plaintiff has indicated that he was homeless and could not obtain the documents, he stated that he would "actively approach the [document-holding] entities again for document copies." Dkt. No. 60 at 3. However, plaintiff still has not complied, nor offered any further explanation for his inability to do so for a period of over six months. See Dkt. No. 65-5 at 22. Therefore, this factor weighs in favor of dismissal. See Heendeniya, 2018 WL 5297806, at *5 (holding that the plaintiff's failure to participate in discovery without explanation weighed in favor of dismissal). Concerning the remaining three factors, as discussed in detail above, the undersigned concludes that (1) lesser sanctions would have no effect on plaintiff or this litigation, (2) plaintiff's failure to participate in discovery weighs in favor of dismissal, and (3) plaintiff had sufficient notice that his failure to participate in discovery could lead to dismissal of his action. See supra, pp. 10-11.

---

As a final matter, Finnell also argues that the amended complaint must be dismissed due to plaintiff's failure to appear for his deposition pursuant to Fed. R. Civ. P. 37(d)(1)(A). A court may impose sanctions on a party, including dismissal of the action, if the party "fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). "Dismissal is a drastic remedy which should generally only be used when lesser sanctions would be inappropriate." Ruffin v. Mack, No. 9:17-CV-0481 (MAD/CFH), 2018 WL 2926275, at *3 (N.D.N.Y. Apr. 9, 2018) (citing S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (additional citations omitted)), report and recommendation adopted, No. 9:17-CV-0481 (MAD/CFH), 2018 WL 2926278 (N.D.N.Y. June 8, 2018). "[H]owever, discovery orders are meant to be followed; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party." Ruffin, 2018 WL 2926275, at *3 (internal quotation marks and citations omitted). "In deciding an appropriate sanction, 'the court may consider the full record ... [specifically] the willfulness of the non-compliant party; the reasons for the noncompliance; the efficacy of lesser sanctions; the duration of the non-compliance; and whether the party has been warned of the consequences of noncompliance.' " Id. (quoting Broad. Music, Inc. v. Metro Lounge & Café LLC, No. 10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012)) (alterations in original).

**\*7** "The goals of sanctions are to 'ensure that a party will not benefit from its own failure to comply ... [, act as] specific deterrents and seek to obtain compliance with the particular order issued [, and] ... serve [as] a general deterrent on the case at hand and on other litigation....' "

Id. (quoting Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988)) (alterations in original). Here, Finnell served plaintiff with a proper Deposition Notice. See Dkt. No. 45-4. However, as stated above, plaintiff failed to confirm his appearance for his deposition, failed to attend his deposition, and has offered no valid reason for doing so. See Dkt. No. 65-5 at 25. Thus, in light of plaintiff's repeated failure to participate in this litigation or comply with discovery orders, and the Court's repeated warnings that continuing this course of action could result in dismissal, the undersigned concludes that plaintiff's failure to attend his deposition weighs in favor of dismissal.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that the defendant Finnell's motions (Dkt. Nos. 65, 66) be **GRANTED** in their entirety; and it is further

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 21) be **DISMISSED** with prejudice insofar as asserted against defendant Finnell; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED R. CIV. P. 6(a), 6(e), 72. [4]

[4]        If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Id. § 6(a)(1)(C).

**IT IS SO ORDERED**.

### All Citations

Slip Copy, 2020 WL 5536800

---

**End of Document**                © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 5531543
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Martin Peter MAYER, Plaintiff,

v.

Scott LIBERTY et al., Defendants.

9:17-cv-905 (GLS/CFH)
|
Signed 09/14/2020
|
Filed 09/15/2020

**Attorneys and Law Firms**

FOR THE PLAINTIFF: Martin Peter Mayer, Pro Se, 51 Richmond Ave., Apt. AO, Buffalo, NY 14222.

FOR THE DEFENDANTS: OF COUNSEL: APRIL J. LAWS, ESQ., COREY A. RUGGIERO, ESQ., GREGORY T. JOHNSON, ESQ., LORAINE CLARE JELINEK, ESQ., Shannon Finnell, Johnson Laws, LLC, 648 Plank Road, Suite 205, Clifton Park, NY 12065.

NO APPEARANCE for Scott Liberty & Glenn Schroyer.

## **ORDER**

Gary L. Sharpe, Senior District Judge

**\*1** The above-captioned matter comes to this court following an Report-Recommendation and Order (R&R) by Magistrate Judge Christian F. Hummel, duly filed on August 7, 2020. (Dkt. No. 67.) Following fourteen days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections having been filed, and the court having reviewed the R&R for clear error, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 67) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendant Shannon Finnell's motion to dismiss (Dkt. No. 65) is **GRANTED**; and it is further

**ORDERED** that all claims against Finnell are **DISMISSED**; and it is further

**ORDERED** that Finnell's letter motion (Dkt. No. 66) is **GRANTED**; and it is further

**ORDERED** that the Clerk provide a copy of this Order to plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2020 WL 5531543

**End of Document** © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2005 WL 2496052
Only the Westlaw citation is currently available.
United States District Court,
W.D. New York.

Devin Shaunmandowa BOTTOM, Plaintiff,

v.

Richard COOPER, et al., Defendants.

No. 03-CV-6493L.
|
Oct. 7, 2005.

**Attorneys and Law Firms**

Devin Shaunmandowa Bottom, Pine City, NY, pro se.

Kelly Ann McCarthy, Office of the New York State Attorney General, Rochester, NY, for Defendants.

*DECISION AND ORDER*

LARIMER, J.

 **\*1** Plaintiff, Devin Bottom, appearing *pro se,* commenced this action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights by certain employees of the New York State Department of Correctional Services ("DOCS") while plaintiff was an inmate in the custody of DOCS. Defendants have moved to dismiss the complaint for plaintiff's failure to prosecute this action.

Defendants' motion is granted. First, a scheduling conference in this case was set for June 23, 2005. Plaintiff failed to appear or to contact the Court. Second, it appears from the DOCS Inmate Lookup internet service, *http://nysdocslookup.docs.state.ny.us,* that plaintiff was released from custody earlier this year, but he has not informed the Court of his current address. On July 14, 2005, the Court sent a letter to plaintiff directing him to provide the Court with his current mailing address, and warning him that his "failure to respond to this request, or to the motion to dismiss, could result in the Court dismissing [his] case for failure to prosecute." The letter was mailed to a Bronx address where defendants had mailed their notice of motion, and to a Brooklyn address which was found by the Court through Westlaw's "PEOPLE-FIND" database. Both were returned as "unclaimed-unable to forward." Plaintiff has not contacted

the Court since; in fact, he has not contacted the Court since last year.

The Second Circuit has directed district courts to consider five factors, none of which is dispositive, in deciding whether to dismiss an action for failure to prosecute: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether the plaintiff was given notice that further delay would result in dismissal; (3) the likelihood that the defendant will be prejudiced by further delay; (4) the balance between the need to alleviate court calendar congestion and the plaintiff's right to an opportunity for a day in court; and (5) the efficacy of lesser sanctions. *United States ex rel. Drake v. Norden Systems, Inc.,* 375 F.3d 248, 254 (2d Cir.2004).

Those factors weigh in favor of dismissal here. Plaintiff has taken no steps to prosecute this case in nearly a year. The Court's attempt to warn plaintiff that this action was subject to dismissal has been thwarted by plaintiff's own failure to keep the Court apprised of his address as required by the local rules. In light of plaintiff's apparent lack of interest in continuing to pursue this action, I see no reason to require defendants to continue to expend any further time or effort in this case. Plaintiff himself has effectively ceased to seek his day in court, and since the Court has been unable to locate plaintiff, no lesser sanction would be effective, since plaintiff would be unaware that any sanction had been imposed.

In addition, I note that Rule 5.2(d) of the Local Rules of Civil Procedure for this district provides that a "party appearing *pro se* must furnish the Court with a current address at which papers may be served on the litigant." The rule further requires that "the Court must have a current address at all times. Thus, a *pro se* litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Local Rule 41.2 also provides that an action is subject to dismissal for failure to prosecute if it "has been pending for more than six months and is not in compliance with the directions of the Judge or a Magistrate Judge...."

 **\*2** All those conditions for dismissal have been met here. For all these reasons, therefore, defendants' motion to dismiss is granted.

CONCLUSION

2005 WL 2496052

Defendants' motion to dismiss the complaint (Dkt.# 23) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 2496052

---

    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

2021 WL 6334288
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Justin LLEWELLYN, Plaintiff,

v.

S. PEACOCK, Defendant.

9:20-CV-00179 (GLS/TWD)

|

Signed 12/02/2021

**Attorneys and Law Firms**

JUSTIN LLEWELLYN, Plaintiff, pro se, 19-R-0168, Orleans Correctional Facility, 3531 Gaines Basin Road, Albion, New York 14411.

OF COUNSEL: LAUREN ROSE EVERSLEY, Assistant Attorney General, HON. LETITIA JAMES, Attorney General for the State of New York, Counsel for Defendant, The Capitol, Albany, New York 12224.

**REPORT-RECOMMENDATION AND ORDER**

Thérèse Wiley Dancks, United States Magistrate Judge

 **\*1** This matter has been referred for a Report and Recommendation by the Honorable Gary L. Sharpe, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Presently before the Court is Defendant's unopposed motion to dismiss Plaintiff's amended complaint for lack of prosecution. (Dkt. No. 29.) For the reasons set forth below, the Court recommends granting Defendant's motion.

**I. BACKGROUND**

Plaintiff Justin Llewellyn, an inmate formerly in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), commenced this *pro se* action on February 20, 2020, against Defendant Susan Peacock. (Dkt. No. 1). On March 9, 2020, Judge Sharpe dismissed Plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), but afforded him an opportunity to file an amended complaint. (Dkt. No. 4.) It was further ordered that "**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel,**

**in writing, of any change in his address; his failure to do so may result in the dismissal of this action**[.]" *Id.* at 20 [1] (emphasis in original).

[1]     Page references to docket entries are to the page number the Court's CM/ECF system automatically assigns.

Plaintiff filed an amended complaint on April 6, 2020. (Dkt. No. 5.) Judge Sharpe reviewed Plaintiff's amended complaint in accordance with 28 U.S.C. § 1915 and construed it as raising a Fourteenth Amendment due process claim against Defendant. (Dkt. No. 7 ("Decision & Order").) Plaintiff's amended complaint was accepted for filing, and it was again ordered that "**Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so will result in the dismissal of this action**[.]" *Id.* at 6 (emphasis in original).

On July 9, 2020, Defendant filed a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 12.) By Text Notice issued July 10, 2020, Plaintiff was advised of the August 2, 2020, deadline to respond. (Dkt. No. 13.) On August 12, 2020, after having not received a response, the Court *sua sponte* granted Plaintiff an extension to respond. (Dkt. No. 14.) Plaintiff did not file an opposition to Defendant's motion. Subsequently, on January 8, 2021, this Court recommended denying Defendant's motion to dismiss ("Report-Recommendation"). (Dkt. No. 15.) Judge Sharpe adopted the Report-Recommendation on February 9, 2019 ("Summary Order"). (Dkt. No. 17.)

On February 18, 2021, Defendant filed an answer to Plaintiff's amended complaint and served a copy of the answer to Plaintiff's putative address at Queensboro Correctional Facility ("Queensboro C.F."). (Dkt. No. 18-1. [2] ) On the same date, the Court sent a Mandatory Pretrial Discovery and Scheduling Order ("Scheduling Order") to Plaintiff's listed address at Orleans Correctional Facility ("Orleans C.F."). (Dkt. No. 19.) The Clerk also mailed a copy of the Scheduling Order and a notice of change of address form to Queensboro C.F. (*See* Text Entry 2/19/2021.)

[2]     Defendant noted that the DOCCS inmate locater indicated Plaintiff has been released. His last

known address is Queensboro C.F. (Dkt. No. 18 at 5 n.1.)

**\*2**  On February 24, 2021, the mailed copy of the Scheduling Order sent to Orleans C.F. was returned as undeliverable and the envelope was marked "Released." (Dkt. No. 20.) On March 5, 2021, the mailed copies of the Scheduling Order and Summary Order sent to Queensboro C.F. were returned as undeliverable. (Dkt. No. 22.) On March 9, 2021, Defendant's answer to Plaintiff's amended complaint was also returned as undeliverable with the envelope marked "Return to Sender --- Released." (Dkt. No. 29-2 at 4.) Thereafter, on March 15, 2021, Defendant filed a letter motion requesting a telephone conference to determine whether Plaintiff wanted to continue pursuing this action. (Dkt. No. 23.) On March 26, 2021, the copy of the Report-Recommendation was returned as undeliverable. (Dkt. No. 24.)

By Text Order issued April 9, 2021, this Court, *inter alia*, adjourned all pretrial deadlines and directed Plaintiff to "file a change of address and a statement with the Court by 4/30/2021 indicating his interest in continuing to pursue this action." (Dkt. No. 25.) The Text Order warned that "Plaintiff's failure to respond to this directive may result in sanctions including, but not limited to, dismissal of the action for failure to prosecute and failure to follow Court orders and directives." *Id.* A copy of the Text Order was sent to Plaintiff's listed address at Orleans C.F. *Id.* On April 23, 2021, the copy of that Text Order was returned to the Court as undeliverable and it had apparently had been forwarded to Sing Sing Correctional Facility ("Sing Sing C.F.") by DOCCS. (Dkt. No. 26.) To date, Plaintiff has not responded to that Text Order.

On May 5, 2021, the Court directed Defendant to file a motion seeking dismissal for failure to prosecute and failure to follow Court orders. (Dkt. No. 27.) On May 12, 2021, the mailed copy of that Text Order sent to Plaintiff at Orleans C.F. was also returned as undeliverable. (Dkt. No. 28.)

On May 13, 2021, Defendant filed the pending motion to dismiss pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rules 10.1(c)(2) and 41.2(b) of this District's Local Rules of Practice. (Dkt. No. 29.) Defendant seeks dismissal for failure to prosecute because Plaintiff's "failure to notify this Court or defense counsel of his change of address has rendered Defendant unable to begin discovery or take Plaintiff's deposition." (Dkt. No. 29-1 at 4.) To that end, Defense counsel conducted a search on the inmate information system on the public website maintained by

DOCCS, which revealed that Plaintiff was released from DOCCS custody to parole supervision on April 13, 2021. *Id.* Plaintiff's releasing facility was listed as Sing Sing C.F. [3] *Id.* Plaintiff has not responded to the motion or communicated with the Court.

[3]      *See* http://nysdoccslookup.doccs.ny.gov (DIN 19-R-0168) (last visited Dec. 2, 2021).

## II. MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Rule 41 of the Federal Rules of Civil Procedure States that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claims against it." Fed. R. Civ. P. 41(b). [4] "A dismissal under this subdivision ... operates as an adjudication on the merits." *Id.* The Second Circuit has emphasized that "dismissal for failure to prosecute is a 'harsh remedy to be utilized only in extreme situations.' " *U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (quoting *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993)). A court analyzing a motion to dismiss must weigh the following five factors:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

**\*3**  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). No singular factor is dispositive. *Nita v. Connecticut Dep't of Environmental Protection*, 16 F.3d 482, 485 (2d Cir. 1994). The Court will address these factors in turn.

[4]      Local Rule 10.1(c)(2) states that "all attorneys of record and *pro se* litigants must immediately notify the court of any change of address," and requires

parties to file the notice of change with the Clerk and serve all other parties to the action. L.R. 10.1(c)(2). Another Rule provides that "failure to notify the Court of a change of address in accordance with [Local] Rule 10.1(c)(2) may result in the dismissal of any pending action." L.R. 41.2(b).

**A. Duration**
Plaintiff's last communication with the Court pertaining to this action was a letter dated April 9, 2020. (Dkt. No. 6.) The letter was mailed from Orleans C.F., the same address currently on file with the Court. As detailed above, it appears Plaintiff was transferred from Orleans C.F. to Queensboro C.F. and then to Sing Sing C.F., where he was released to parole supervision on April 13, 2021. (Dkt. No. 29-1 at 9.) Plaintiff, however, has failed to update or notify the Court or defense counsel of a change in his address.

Recently, the Second Circuit affirmed the dismissal of a case under Rule 41(b) where, "by the time the [District] Court issued its decision; eleven months had passed since [the Plaintiff's] response to discovery demands was first due." *Heendeniya v. St. Joseph's Hospital Health Center*, 830 F. App'x 354, 358 (2d Cir. 2020). The Court also noted that even "shorter delays could support dismissal." *Id.* (citing *Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664, 666 (2d Cir. 1980) (affirming dismissal where plaintiffs took no steps to move case toward trial during a six-month period)). Here, because Plaintiff has indisputably failed to participate in this litigation since April 9, 2020, the Court finds this factor weighs in favor of dismissal.

**B. Notice**
"[W]hile a court is ordinarily obligated to afford a special solicitude to *pro se* litigants, dismissal of a *pro se* litigant's action as a sanction may nonetheless be appropriate so long as a warning has been given that noncompliance can result in dismissal." *Koehl v. Bernstein*, 740 F.3d 860, 862 (2d Cir. 2014) (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994)) (quotations omitted). As indicated above, Plaintiff was advised of his obligation to "**promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; his failure to do so may result in the dismissal of this action[.]**" (Dkt. Nos. 4 at 20, 7 at 6; *see also* Dkt. No. 25.) As such, this factor weighs in favor of dismissal.

**C. Prejudice to Defendant**

Prejudice "may be presumed as a matter of law in certain cases, but the issue turns on the degree to which the delay was lengthy and inexcusable." *Drake*, 375 F.3d at 256 (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). Therefore, where a "delay is more moderate or excusable, the need to show actual prejudice is proportionably greater." *Id.* (citing *Lyell Theatre Corp.*, 682 F.2d at 43). "Where a Plaintiff has become inaccessible for months at a time, courts presume prejudice." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (citations omitted).

**\*4** Here, Defendant argues she "will certainly be prejudiced by any further delay, as all deadlines have been stayed and Defendant will be unable to receive discovery from Plaintiff or take Plaintiff's deposition." (Dkt. No. 29-1 at 9.) The unexcused delay in Plaintiff's accessibility means prejudice is presumed. Accordingly, the Court finds this factor weighs in favor of dismissal.

**D. Balancing of Interests**
The Second Circuit has stated "there must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535-36. "Nonetheless, fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources may warrant a dismissal under Rule 41(b)." *Rubin v. Abbott Labs.*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016) (citing *Chira*, 634 F.2d at 668) (internal quotation marks omitted)). The *Rubin* Court also stated that Courts in that district "have held that calendar congestion outweighed a plaintiff's opportunity to be heard when the plaintiff has rebuffed opportunities to be heard." *Id.* (citations omitted).

In the case at bar, Defendant states that "the Court's interest in managing its own docket weighs in favor of dismissal at this juncture." (Dkt. No. 29-1 at 9.) However, Defendant does not provide "compelling evidence of an extreme effect on court congestion." *See Lucas*, 84 F.3d at 535. In *LeSane*, the Second Circuit noted the "plaintiff's failure to prosecute in this case was silent and unobtrusive rather than vexatious and burdensome: plaintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001); *see also Baptiste v. Sommers*, 768 F.3d 212 (2d Cir. 2014) (concluding that the Court had no reason to believe that the case at issue strained the docket in any unusual way despite a two-year stall); *Mayanduenas v. Bigelow*, 849 F. App'x 308,

311 (2d Cir. 2021) ("[Plaintiff's] failure to prosecute 'was silent and unobtrusive rather than vexatious and burdensome,' thus causing only minor court calendar congestion, if any.") (citations omitted).

Here, there is no reason to believe that this case has strained the Court's docket. Accordingly, this factor is neutral.

**E. Less Severe Sanctions**

Finally, this Court must consider whether options less drastic than dismissal could be appropriate. Other possible options include an extension of time or the imposition of a fine. *See Anthony v. Lyons*, 9:18-CV-0849, 2021 WL 1701754 (GLS/CFH), at *5 (N.D.N.Y. Apr. 12, 2021) (citations omitted). However, Courts "are not required to exhaust possible lesser sanctions before imposing dismissal ... if such a sanction is appropriate on the overall record." *Southern New England Tel. Co. v. Global NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010).

In the present case, Defendant asserts "[i]t is not clear what, if any, less drastic sanction would adequately address the circumstances here[,] ... because Plaintiff's whereabouts are unknown, and any such order would not reach him[.]" (Dkt. No. 29-1 at 9.) The Court agrees. "Dismissal has been found to be an 'adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed.'" *Anthony*, 2021 WL 1701754, at *5 (quoting *Rubin*, 319 F.R.D. 122 (finding that "it would not even be possible to impose lesser sanctions" where the plaintiff had "effectively disappeared")); *see also Flynn v. Ward*, 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at *2 (N.D.N.Y. May 13, 2019) (noting that lesser sanctions were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [the] [p]laintiff."). As such, this factor weighs in favor of dismissing this action.

**\*5** Nevertheless, given his *pro se* status, "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB)(ETB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010); *see also Barker v. City of New York*, No. 19-cv-2582 (JGK), 2020 WL 589048, at *2 (S.D.N.Y. Feb. 5, 2020) ("In light of the minimal prejudice to the defendant and to the Court, and because of the plaintiff's *pro se* status, a dismissal

without prejudice is warranted"); *Hicks v. Stermer*, 9:10-CV-1177 (LEK/DEP), 2011 WL 3841581, at *1 (N.D.N.Y. Apr. 24, 2011) (discussing that dismissal without prejudice, over dismissal with prejudice, pursuant to Rule 41(b) is appropriate where the *pro se* plaintiff failed to prosecute the action, and is a sanction less severe than dismissal with prejudice).

**F. Local Rules**

Based on the foregoing, the Court concludes dismissal is also warranted under Local Rule 10.1(c)(2), which requires parties to notify the Court of any change in address, and 41.2(b), which allows for the dismissal of an action when a party fails to notify the Court of a change of address. *See, e.g.*, *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (dismissing action due to the plaintiff's failure to comply with the Local Rule's requirement to notify the Court of a change of address).

**WHEREFORE**, for the reasons set forth herein, it is hereby

**RECOMMENDED** that Defendant's motion to dismiss (Dkt. No. 29) be **GRANTED** and Plaintiff's amended complaint (Dkt. No. 5) be **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff to his address on file, **Orleans C.F.**, and the releasing facility, **Sing Sing C.F.**, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2008) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. [5] Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[5]    If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed

period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

**All Citations**

Slip Copy, 2021 WL 6334288

---

**End of Document**

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

2022 WL 79686
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Justin LLEWELLYN, Plaintiff,

v.

S. PEACOCK, Defendant.

9:20-cv-179 (GLS/TWD)
|
Signed 01/07/2022

**Attorneys and Law Firms**

FOR THE PLAINTIFF: Justin Llewellyn, Pro Se, 19-R-0168, Orleans Correctional Facility, 3531 Gaines Basin Road, Albion, NY 14411.

FOR THE DEFENDANT: HON. LETITIA JAMES, New York State Attorney General, OF COUNSEL: LAUREN ROSE EVERSLEY, Assistant Attorney General, The Capitol, Albany, NY 12224.

## **ORDER**

Gary L. Sharpe, Senior District Judge

**\*1** The above-captioned matter comes to this court following a Report-Recommendation and Order (R&R) by Magistrate Judge Thérèse Wiley Dancks duly filed December 2, 2021. (Dkt. No. 30.) Following fourteen days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections having been filed, and the court having reviewed the R&R for clear error, it is hereby

**ORDERED** that the Report-Recommendation and Order (Dkt. No. 30) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendant's motion to dismiss (Dkt. No. 29) is **GRANTED**; and it is further

**ORDERED** that plaintiff's amended complaint (Dkt. No. 5) is **DISMISSED without prejudice**; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Order to the parties in accordance with the Local Rules of Practice. Specifically, the Order shall be provided to plaintiff at his address of record (Orleans Correctional Facility) and the facility from which he was released (Sing Sing Correctional Facility).

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2022 WL 79686

---

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Perez v. Wallace, Not Reported in Fed. Supp. (2016)

2016 WL 2865737

Case 9:21-cv-00120-MAD-TWD    Document 52    Filed 04/20/23    Page 25 of 42

2016 WL 2865737
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Gladys PEREZ, Plaintiff,
v.
Jack WALLACE, Defendant.

No. 1:15-CV-240 (GTS/CFH)
|
Signed 04/11/2016

**Attorneys and Law Firms**

Gladys Perez, 63 Second Street, Unit 1, Waterford, New York 12188, Plaintiff pro se.

City of Albany Corporation Counsel, City Hall, 24 Eagle Street, OF COUNSEL: VALERIE A. LUBANKO, ESQ., JOHN JOSEPH REILLY, ESQ., Albany, New York 12207.

**REPORT–RECOMMENDATION AND ORDER** [1]

[1]  This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

CHRISTIAN F. HUMMEL, U.S. MAGISTRATE JUDGE

*1  Plaintiff *pro se* brings this action regarding a single car accident and her subsequent arrest which occurred in March 2014. Dkt No. 1 ("Compl.") at 8. [2] Presently pending before the Court is defendant Jack Wallace's motion to dismiss pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ.P") Rule 41(b). Dkt. No. 37. Plaintiff failed to file a response to that motion. For the reasons set forth below, it is recommended that defendant's motion to dismiss for failure to prosecute be granted.

[2]  The arrest did not result in any charges or incarceration. Compl. at 12.

**I. Background** [3]

[3]  Any unpublished decisions cited within this Report–Recommendation and Order are attached hereto.

Plaintiff commenced this action on March 3, 2015 with the filing of a complaint and application to proceed in forma pauperis ("IFP"). Compl., Dkt. No. 2. On March 6, 2015, the Court issued a Report–Recommendation and Order which granted plaintiff's IFP application and recommended that (1) all claims against defendant Wallace in his official capacity be dismissed with prejudice; (2) all claims against defendant Albany Housing Authority be dismissed with prejudice; (3) the Fourth Amendment claim be dismissed without prejudice and with leave to amend; and (4) the assault, battery, and false arrest claims be dismissed without prejudice, and with leave to amend. Dkt. No. 4. Plaintiff did not file objections. On April 21, 2015, the District Court issued a Decision and Order adopting the Report–Recommendation and Order. Dkt. No. 6. That Decision and Order provided that plaintiff's Fourth Amendment claims and assault, battery and false arrest claims would be dismissed with prejudice and without further order of the Court unless, within thirty (30) days of the Decision and Order, plaintiff filed an amended complaint. Dkt. No. 6. Plaintiff failed to file an amended complaint.

On April 24, 2015, an Order was issued scheduling a Rule 16 conference for July 15, 2015. Dkt. No. 8. A copy of that Order was served on plaintiff by regular mail. *Id.* On July 2, 2015, the Court served a text reminder notice on all the parties regarding the Rule 16 conference. Dkt. Entry dated July 2, 2015. Plaintiff failed to appear for that conference. Text Minute Entry dated July 15, 2015. On July 15, 2015, the undersigned issued a text order rescheduling the Rule 16 conference for August 11, 2015. Dkt. No. 29. A copy of that text order was served upon plaintiff by certified mail, return receipt requested, at the address which appears on the court docket. *Id.* That mail was returned to the Court marked "return to sender-unclaimed-unable to forward." Dkt. No. 31.

On August 7, 2015, the United States Judicial Panel on Multidistrict Litigation issued a Transfer Order With Simultaneous Separation and Remand. Dkt. No. 30. Plaintiff's claims against defendants General Motors, LLC, General Motors Holding, LLC, Delphi Automotive, PLC, DPH–DAS, LLC F/K/A/ Delphi Automotive Systems, LLC, and Goldstein Chrysler Jeep, Inc., were transferred to the Southern District of New York. Dkt No. 30. Plaintiff's claims against the City of Albany and defendant Wallace were

Case 9:21-cv-00120-MAD-TWD   Document 52   Filed 04/20/23   Page 26 of 42

Perez v. Wallace, Not Reported in Fed. Supp. (2016)

2016 WL 2865737

remanded, pursuant to 28 U.S.C. § 1407(a), to the Northern District of New York. Dkt No. 30 at 3. [4]

> [4]    As plaintiff did not file an amended complaint in accordance with the Court's Decision and Order dated April 21, 2015, all claims against the City of Albany are dismissed. Dkt. No. 6. The only remaining defendant is patrolman Jack Wallace.

**\*2** On August 11, 2015, a Rule 16 Conference was conducted. Plaintiff failed to appear for the Rule 16 Conference. Dkt. Entry dated August 11, 2015. Also on August 11, the Court issued a Uniform Pretrial Scheduling Order. Dkt. No. 32. That Order required, among other things, that each of the parties was to file a status report by November 20, 2015. Dkt. No. 32 at 10. Defendant filed his status report on November 20, 2015. Dkt. No. 34. Plaintiff failed to file a status report as directed by the Court.

On August 11, 2015, the undersigned issued a text order addressed to plaintiff's failure to attend two Rule 16 conferences. Dkt. No. 33. The text order provided that "plaintiff is advised that her failure to attend court conferences or to comply with court orders may result in the dismissal of her case for failure to prosecute." *Id.* A copy of that text order was served on plaintiff by regular mail. *Id.*

On November 23, 2015, the Court issued a text notice scheduling a conference for December 9, 2015. Dkt. No. 35. The parties were directed to appear in person for that conference. *Id.* The notice further provided that plaintiff was to immediately advise the Court if she was unable to appear in person for the conference. *Id.* A copy of that notice was served on plaintiff by regular mail. *Id.* Plaintiff failed to appear for that conference and did not notify the Court that she was unable to attend that conference in person. *Id.*

On December 9, 2015, the undersigned issued a text order setting a briefing schedule for defendant's Motion to Dismiss. Dkt No. 36. Defendant was ordered to file the Motion to Dismiss by December 31, 2015. *Id.* Plaintiff's response was due by January 9, 2016, with any reply to be filed by January 19, 2016. *Id.* The text order again advised plaintiff that failure to attend court conferences and/or to comply with court orders may result in dismissal of this action for failure to prosecute. *Id.*

On December 31, 2015, defendant filed a Motion to Dismiss for failure to prosecute and comply with a court order

pursuant to Fed. R. Civ. P 41(b). Dkt. No. 37. Plaintiff was ordered to file any response to that motion by January 12, 2016. *Id.* On January 6, 2016, the Court issued a notice which extended plaintiff's time to file a response to the pending motion until January 19, 2016. Dkt. Entry dated Jan. 6, 2016. A copy of that notice was served on plaintiff by regular mail. *Id.*

## II. Discussion

Fed.R.Civ.P. 41(b) provides that a court may dismiss an action "[i] the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order ..." *See* Link v. Wabash R.R. Co., 370 U.S. 626,629 (1962); Baptiste v. Sommers, 768 F.3d 212, 216 (2d. Cir.2014); *see also* N.D.N.Y.L.R. 41.2(b). Since a Rule 41(b) dismissal "is a harsh remedy ... [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir.1996) (citation omitted). Further, where the plaintiff is proceeding *pro se,* "courts should be especially hesitant to dismiss for procedural deficiencies ..." Spencer v. Doe, 139 F.3d 107,112 (2d Cir.1998) (quoting Lucas, 84 F.3d at 535); *see also* Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir.2006). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

> (1) the duration of the plaintiff's failure to comply with the court order,
>
> (2) whether the plaintiff was on notice that failure to comply with result in dismissal,
>
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
>
> **\*3**  (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
>
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71,74 (2d Cir.1994)) (additional citations omitted).

A review of this case's procedural history shows that the complaint was filed on April 3, 2015. *See* Compl. As such, over one year has elapsed since the filing of this action, yet virtually no discovery has been conducted. A Rule 16 conference was scheduled for July 15, 2015. Dkt No. 8.

Plaintiff failed to appear for that conference. Dkt. Entry dated July 15, 2015. A second Rule 16 conference was scheduled for August 11, 2015. Dkt. No. 29 Plaintiff again failed to appear for that conference. Dkt. Entry dated August 11, 2015. On August 11, 2015, the undersigned issued a text order which advised plaintiff that her failure to attend court conferences or comply with court orders may result in the dismissal of her case for failure to prosecute. *Id.* On December 9, 2015, the undersigned issued a text order which again advised plaintiff that failure to attend court conferences and/or to comply with court orders may result in dismissal of this action. Dkt. No. 36. Despite that warning, plaintiff failed to appear for the conference schedule for December 9, 2015. In view of the foregoing, it is clear that plaintiff has repeatedly been advised that failure to comply with the Court's orders may result in dismissal of this matter.

As a result of plaintiff's failure to participate in discovery and her refusal to attend court conferences, defendant has been denied access to information which he needs to prepare his defense in this matter. *See Shannon v. Gen. Elec. Co.,* 186 F.3d 186, 195 (2d Cir. 1990). In addition, it appears the address at which plaintiff provided to the Court is no longer valid, as mail sent to plaintiff at that address has been returned as undeliverable. Dkt. Nos. 31 and 38. However, plaintiff has failed to meet her duty to provide this Court with an updated address. Plaintiff's continuing failure to comply with court orders and participate in discovery has significantly delayed the resolution of this matter, thereby contributing to the Court's congestion.

The final consideration in determining whether to dismiss plaintiff's action for failure to prosecute is assessing whether there is a sanction less drastic than dismissal. *See Lucas,* 84 F.3d at 535. The Court is aware that dismissal is a particularly harsh remedy, especially when invoked against a *pro se* plaintiff. *Salahuddin v. Harris,* 782 F.2d 1127, 1132 (2d Cir. 1986); *Sec. and Exch. Comm'n v. Research Automation Corp.,* 521 F.2d 585, 588–89 (2d Cir. 1975). Mindful of the

principles of law pronounced above, the undersigned finds that the imposition of a lesser sanction would have no effect on plaintiff or this litigation which has been pending since March 3, 2015. *See* Dkt. No. 1. The Court reaches this conclusion based on plaintiff's failure to provide the Court with a viable address for the service of court orders, refusal to participate in discovery, and plaintiff's continuing failure to comply with court orders and appear for scheduled court proceedings.

### III. Conclusion

**\*4 WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED** that defendant Jack Wallace's motion to dismiss plaintiff's complaint (Dkt. No. 37) pursuant to Fed.R.Civ.P. 41(b) be **GRANTED**, and that the complaint be **DISMISSED in its entirety with prejudice**; and it is

**ORDERED** that the Clerk of the Court serve this Report–Recommendation and Order on the parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72.

### All Citations

Not Reported in Fed. Supp., 2016 WL 2865737

---

　　　　　　© 2023 Thomson Reuters. No claim to original U.S. Government Works.

Flynn v. Ward, Not Reported in Fed. Supp. (2019)

2019 WL 2085986

2019 WL 2085986
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Bruce FLYNN, Plaintiff,

v.

Joe WARD, et al., Defendants.

9:15-cv-1028 (BKS/CFH)

|

Signed 05/13/2019

**Attorneys and Law Firms**

Plaintiff, pro se: Bruce Flynn, 10-A-1558, Elmira Correctional Facility, P.O. Box 500, Elmira, NY 14902.

For Defendants: Brian W. Matula, Esq., Assistant Attorney General, New York State Attorney General's Office, The Capitol, Albany, NY 12224.

**MEMORANDUM-DECISION AND ORDER**

Brenda K. Sannes, U.S. District Judge

**\*1** Plaintiff pro se Bruce Flynn brought this action under 42 U.S.C. § 1983 alleging that Defendants violated his rights under the First Amendment while he was incarcerated at Mid-State Correctional Facility. (Dkt. Nos. 1, 20). On June 28, 2018, United States District Court Judge Gary L. Sharpe issued an Order denying, in part, the Defendants' summary judgment motion, and ordering that the case is deemed trial ready. (Dkt. No. 67). On April 5, 2019, the case was reassigned to the undersigned, and a copy of the reassignment Order was sent to Plaintiff's last known address at Elmira Correctional Facility. (Dkt. No. 68). On April 5, 2019, the Court also sent a letter to Plaintiff at Elmira Correctional Facility inquiring whether he would like to have counsel appointed to represent him at trial. (Dkt. No. 69). Both of the documents mailed to Plaintiff on April 5, 2019 were returned to the Court as undeliverable. (Dkt. Nos. 70, 71). The return envelopes contained a notation "Released 10-29-18." (*Id.*). On April 19, 2019, the undersigned issued an Order granting Plaintiff fourteen (14) days from that Order to notify the Court of his current address, and notifying Plaintiff that if he failed to comply the action would be dismissed for failure to prosecute. (Dkt. No. 72). That Order was also returned to the Court as undeliverable on April 25, 2019. (Dkt. No. 73).

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order...." Fed. R. Civ. P. 41(b); *see* Link v. Wabash R.R. Co., 370 U.S. 626, 629, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *Greene v. Sposato*, No. 16-CV-1243, 2019 WL 1559421, at \*1, 2019 U.S. Dist. LEXIS 61741 (E.D.N.Y. April 9, 2019); *see also* N.D.N.Y. L.R. 41.2(b). It is well settled that Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

Since a Rule 41(b) dismissal is a "harsh remedy ... [it] is appropriate in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (citations omitted). Before dismissing an action under Rule 41(b) for failure to prosecute a district court must consider:

> (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard ... and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane*, 239 F.3d at 209; *see also* Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted).

Under the Local Rules of Practice for this district ("Local Rules"), "[a]ll attorneys of record and *pro se* litigants must immediately notify the court of any changes of address." N.D.N.Y. L.R. 10.1(c)(2) (emphasis omitted). Failure to do so will subject the action to dismissal under Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41.2(b) for lack of prosecution. *See e.g.*, Fenza v. Conklin, 177 F.R.D. 126, 127 (N.D.N.Y. 1998) (dismissing inmate's action for failure to notify the Court of current address); *see also* Rosa v. Keiser, No. 10-CV-1313, 2012 WL 2178961, at \*1, 2012 U.S.

Dist. LEXIS 82529 (N.D.N.Y. May 14, 2012) (dismissing former inmate's action for failure to notify the Court of current address). Plaintiff appears to have understood his obligation to update his address: he notified the Court on August 31, 2016 of a change of address. (Dkt. No. 30).

**\*2** In this case, dismissal is justifiable. Plaintiff has failed to comply with this Court's Order directing that he update his address, and notifying him that the action would be dismissed if he failed to do so. (Dkt. No. 72). It appears that Plaintiff was released from custody in October 2018, and thus has failed to comply with the Local Rule requiring that he update his address for almost seven months. Plaintiff failed to respond to the Defendants' October 6, 2017 motion for summary judgment; he has not communicated with this Court since May 30, 2017. (Dkt. Nos. 59, 64). While the Defendants have not weighed in on this issue, the Court notes that "[t]he passage of time always threatens difficulty as memories fade...." *Barber v. United States*, No. 11-CV-1100, 2012 WL 1681978, at \*1, 2012 U.S. Dist. LEXIS 67159 (N.D.N.Y. May 14, 2012) (citing *Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996)). The Court currently has no way of contacting Plaintiff and is therefore unaware of any feasible lesser sanction. The Court finds that, in light of all of these factors, the need to alleviate the Court's docket outweighs Plaintiff's right to an opportunity to his day in court. *Barber*, 2012 WL 1681978, at \*1, 2012 U.S. Dist. LEXIS 67159 ("It is the need to monitor and manage dilatory cases like this one that delay the resolution of other cases, and contribute to the Second Circuit's relatively long median time to disposition for pro se civil rights cases."). Therefore, pursuant to Rule 41(b), dismissal of this action warranted.

Accordingly, it is

**ORDERED** that this action is **DISMISSED without prejudice** for failure to prosecute; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2019 WL 2085986

---

**End of Document**
© 2023 Thomson Reuters. No claim to original U.S. Government Works.

Case 9:21-cv-00120-MAD-TWD    Document 52    Filed 04/20/23    Page 30 of 42

Hutcheon v. Farnum, Not Reported in Fed. Supp. (2019)

2019 WL 7971873

2019 WL 7971873
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Scott M. HUTCHEON, Plaintiff,

v.

E. FARNUM, Defendant.

9:18-CV-00203 (MAD/CFH)

|

Signed 11/04/2019

**Attorneys and Law Firms**

Scott M. Hutcheon, P.O. Box 602, Bellmore, New York 11710, Plaintiff pro se.

Hon. Letitia James, OF COUNSEL: MATTHEW P. REED, ESQ., Assistant Attorney General, Attorney General for the State of New York, The Capitol, Albany, New York 12224, Attorneys for Defendant.

**REPORT-RECOMMENDATION & ORDER** [1]

[1]  This matter was referred to the undersigned for Report-Recommendation and Order pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. L.R. 72.3(c).

CHRISTIAN F. HUMMEL, U.S. Magistrate Judge

**\*1**  Plaintiff pro se Scott M. Hutcheon ("plaintiff"), a former inmate who was in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action pursuant to 42 U.S.C. § 1983, alleging that defendant E. Farnum ("defendant") – who, at all relevant times, was employed at Marcy Correctional Facility ("Marcy") – violated his constitutional rights under the Eighth Amendment. See Dkt. Nos. 1 ("Compl."); Dkt. No. 8. Presently pending before the Court is defendant's Motion to Dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 26. For the following reasons, it is recommended that defendant's motion be granted.

**I. Background**

Plaintiff commenced this action on February 16, 2018. See Compl. On February 27, 2018, plaintiff submitted his Motion for Leave to Proceed in forma pauperis ("IFP"). Dkt. No. 5. In this Motion, plaintiff also notified the Court of his pending release and provided a new mailing address for future correspondence. See id. On August 20, 2018, the undersigned issued the Mandatory Pretrial Discovery and Scheduling Order, which set the discovery deadline for February 20, 2019. Dkt. No. 20. A copy of this order was served via regular mail to plaintiff's updated address. See Text Entry dated Aug. 20, 2018. On January 2, 2019, defendant served plaintiff with a Notice of Deposition for January 28, 2019. See Dkt. No. 26-2 ("Reed Decl.") ¶ 8; Dkt. No. 26-2, Exh. C. On January 28, 2019, plaintiff failed to appear for his deposition. Reed Decl. ¶¶ 10,11; Dkt. No. 26-2; Exh. D. Plaintiff did not contact defendant's counsel or communicate that he was unable to attend. Reed Decl. ¶ 10. Additionally, defendant had no reason to believe that the Notice of Deposition mailed to plaintiff on January 2, 2019, did not reach plaintiff at his updated address as it was not returned as undeliverable. Id. ¶ 9. Defendant incurred costs of $77.80 for the January 28, 2019, deposition transcript. Id. ¶ 11.

On February 4, 2019, the undersigned set a telephone status conference for February 15, 2019, and advised plaintiff that "fail[ure] to participate in court conferences or abide by Court Orders may result in the dismissal of [the] action." Dkt. No. 23. The Court sent notice of the telephone status conference by regular mail to plaintiff's updated address that day. Id. Plaintiff failed to appear for the February 15, 2019, telephonic status conference and did not contact the Court. Text Min. Entry dated Feb. 15, 2019. On February 27, 2019, the undersigned granted defendant's request to file a motion to dismiss and set a briefing schedule. See Dkt. No. 25. On April 2, 2019, defendant filed a Motion to Dismiss for Lack of Prosecution. Dkt. No. 26. Plaintiff was afforded until April 26, 2019, to file a response to the Motion to Dismiss. Dkt. No. 25. To date, plaintiff has not responded to defendant's Motion to Dismiss, nor has he engaged in any activity or communication with the Court since filing his Motion for Leave to Proceed IFP in February 2018. See Dkt. No. 26.

**II. Discussion** [2]

[2]  All unpublished opinions cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff.

**\*2** Defendant requests an order from the Court "dismissing this action, with prejudice, pursuant to Fed. R. Civ. P. 41(b), Fed. R. Civ. P. 37(b)(2)(v), and Local Rule 1.1(d), on the ground that plaintiff has failed to prosecute this action and has failed to comply with the Court's discovery orders." Dkt. No. 26-1 ("Def. Mem. of Law") at 3. [3]

[3]      The page numbers following citations to Def. Mem. of Law refer to the pagination of the header numbers generated by CM/ECF, not the pagination within the document.

### A. Fed. R. Civ. P. 41(b)

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order ..." FED. R. CIV. P. 41(b); see Link v. Wabash R.R. Co., 370 U.S. 626, 629 (1962); see Baptiste v. Sommers, 768 F.3d 212, 216 (2d. Cir. 2014); see also N.D.N.Y. L.R. 41.2. Since a Rule 41(b) dismissal "is a harsh remedy ... [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d. Cir. 1996) (citation omitted). A determination of whether to dismiss an action pursuant to Rule 41(b) involves consideration of:

(1) the duration of the plaintiff's failure to comply with the court order,

(2) whether [the] plaintiff was on notice that failure to comply would result in dismissal,

(3) whether the defendants are likely to be prejudiced by further delay in the proceedings,

(4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and

(5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 22 F.3d 71,74 (2d Cir. 1994)) (additional citations omitted). "Generally, no one factor is dispositive." Shannon v. Gen. Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (internal quotation marks and citation omitted). "When imposed, the sanction of dismissal 'operates as an adjudication upon the merits,' but may be without prejudice if so specified by the court imposing

it." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982) (quoting FED. R. CIV. P. 41(b)).

A review of the Court's docket shows that plaintiff's inactivity began after he filed his Motion for Leave to Proceed IFP and notice of change of address on February 27, 2018. See Dkt. No. 5. On October 17, 2018, defendant provided plaintiff documents in accordance with the Mandatory Pretrial Discovery and Scheduling Order, yet plaintiff never provided defendant with any discovery. Reed Decl. ¶¶ 4, 6. Although plaintiff received adequate notice from defendant and the Court's Mandatory Pretrial Discovery and Scheduling Order, which advised him that "failure ... to attend, be sworn, and answer appropriate questions may result in sanctions, including dismissal of the action[,]" he failed to appear for his deposition on January 28, 2019. Reed Decl. ¶¶ 8, 10; Dkt. No. 20; Dkt. No. 26-2, Exhs. C, D. After plaintiff's failure to appear at his deposition, the Court set a telephone status conference for February 15, 2019, and again advised plaintiff that "failing to participate in court conferences or abide by Court Orders may result in the dismissal of his action." Dkt. No. 23. However, plaintiff did not appear for that conference. See Text Min. Entry dated Feb. 15, 2019. Additionally, Plaintiff failed to respond to defendant's Motion to Dismiss, despite being informed of that duty and the consequences of failing to respond. See Dkt No. 20 at 5; Dkt. No. 25; Dkt. No. 26-1 at 1; Text Min. Entry dated Feb. 15, 2019. For the past eighteen months plaintiff has not communicated with defendant or the Court in any manner.

**\*3** Further, defendant has been prejudiced by plaintiff's complete failure to participate in discovery. See Lucas, 84 F.3d at 535. Defendant has been denied access to necessary information to defend herself in this action and has incurred costs in preparing for and arranging plaintiff's January 28, 2019 deposition. See Def. Mem. of Law at 4; Reed Decl. ¶11. Defendant argues that she will be prejudiced by further delay because "[m]emory of the events giving rise to plaintiff's claims has likely faded from witnesses, and from the plaintiff himself, who has yet to be deposed" and since plaintiff is no longer in the custody of DOCCS "it [is] possible that documents that were once in [plaintiff's] possession have been lost during his transition." Def. Mem. of Law at 6; see Shannon v. Gen. Elec., 186 F.3d 186, 195 (2d. Cir. 1999) (discussing how unreasonable delay can be presumed even in the absence of a District Court's finding of specific prejudice to a defendant because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial

Case 9:21-cv-00120-MAD-TWD    Document 52    Filed 04/20/23    Page 32 of 42
Hutcheon v. Farnum, Not Reported in Fed. Supp. (2019)
2019 WL 7971873

be made more difficult.") (citation omitted); Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311 (SAS), 2000 WL 1677984, at * 3 (S.D.N.Y. Nov. 8, 2000) (finding that the defendants' inability to depose the plaintiff "makes it difficult, if not impossible, [for the defendants] to defend the lawsuit" and weighs in favor of Rule 41(b) dismissal.). The undersigned agrees with defendant that she will be further prejudiced by plaintiff's failure to participate in discovery as the events that gave rise to this lawsuit occurred in September 2017. Although defendant has participated in court conferences, very little progress has been able to be made due to plaintiff's absence. Further, witness' and parties' recollection of these events has likely faded and will continue to fade. See Georgiadis v. The First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("[t]he passage of time always threatens difficulty as memories fade."). Additionally, since plaintiff has failed to produce any discovery, access to relevant discovery, such as the parties' abilities to locate witnesses and preserve evidence, will be impacted by further delay. See Shannon, 186 F.3d at 195 (finding that the defendants would be prejudiced by further delay due to the likelihood their evidence had been misplaced and witness' memories had faded since the events at issue in the lawsuit took place over a decade prior, and witness' recollection had diminished.).

The undersigned is cognizant of plaintiff's pro se status; however, sanctions less extreme than dismissal will not be effective in this case. Mindful of the principles of law set forth herein, the undersigned determines that dismissal is appropriate in this matter. Plaintiff's failure to communicate with defendant and the Court subsequent to filing his Motion for Leave to Proceed IFP on April 18, 2018, establishes his intent to abandon this action. Moreover, his complete inactivity and disregard of the Court's notices and orders demonstrates that there is no meaningful way to secure plaintiff's appearance before the Court to litigate this action. See McKnight v. J. Ferrick, et al., No. 9:16-CV-0957 (TJM/DEP), 2017 WL 3172794, at *3 (N.D.N.Y. June 30, 2017) ("[P]laintiff's failure to communicate, which by now is nearly six months, weighs in favor of dismissal ... [a]lthough the length of plaintiff's delay to date is not exceedingly long, there is no indication of an end to his inactivity."). Plaintiff was warned that failure to participate in discovery and appear for a deposition may result in dismissal of his action, see Dkt. Nos. 20, 23, 26-1 at 1; however, he chose to disregard these warnings. Given plaintiff's apparent abandonment and his ongoing refusal to comply, despite being warned of the consequences, the undersigned finds that imposition of any

lesser sanction would not motivate plaintiff to litigate this action.

The undersigned has considered all of the relevant factors and finds that they weigh heavily in favor of dismissal. Thus, it is recommended that defendant's Motion to Dismiss on this ground be granted. Even considering plaintiff's pro se status, it is recommended that the dismissal of the action be with prejudice due to plaintiff's apparent abandonment of this case as evidenced by his lack of communication and participation over the last twenty months, including his failure to appear for his deposition, telephone status conference, or respond to defendant's motion to dismiss. See Karim-Rashid v. T. LaValley, No. 9:18-CV-495 (TJM/DEP), 2019 WL 1557164, at *1 (N.D.N.Y. Apr. 10, 2019) (granting the defendants' motion to dismiss with prejudice based on the pro se plaintiff's failure to appear for his deposition despite a warning from the Court and the plaintiff's failure to respond to the defendants' motion); Gaines v. Bezio, No. 9:09-CV-0176 (GTS/DEP), 2009 WL 2252140, at *1 (N.D.N.Y. July 28, 2009) (dismissing the pro se plaintiff's complaint with prejudice for failure to prosecute and failure to comply with a Court order); Solomon v. Beachlane Management, No. 03 Civ. 5688 (DLC), 2004 WL 2403950, at *1 (S.D.N.Y. Oct. 26, 2004) (discussing a district court's "inherent power to dismiss a case with prejudice for lack of prosecution pursuant to" Fed. R. Civ. P. 41(b)); but c.f. Cintron v. Gettman, No. 9:15-CV-0542 (BKS/TWD), 2017 WL 2303604, at *4 (N.D.N.Y. May 1, 2017) (recommending dismissal of the plaintiff's action be without prejudice for failure to appear for two scheduled depositions); Perkins v. Rock, No. 9:12-CV-0459 (LEK/RFT), 2014 WL 4988224, at *4 (N.D.N.Y. Oct. 7, 2014) (recommending dismissal of the plaintiff's action for failure to prosecute be without prejudice); Jones v. Hawthorne, No. 9:12-CV-1745 (GTS/RFT), 2014 WL 2533166, at *2 (N.D.N.Y. June 5, 2014) (dismissing the pro se plaintiff's complaint without prejudice where the plaintiff had been released from DOCCS custody and failed to provide the Court with an updated address or communicate with the Court for ten months); Grace v. New York, No. 10 Civ. 3853 (LTS/GWG), 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010) (recommending dismissal for failure to prosecute without prejudice where the plaintiff could not be reached at the address provided).

**B. Fed. R. Civ. P. 37**

Hutcheon v. Farnum, Not Reported in Fed. Supp. (2019)

2019 WL 7971873

Case 9:21-cv-00120-MAD-TWD    Document 52    Filed 04/20/23    Page 33 of 42

**\*4** In the alternative to dismissal under Rule 41(b), defendant argues that plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and Fed. R. Civ. P. 37(d) for plaintiff's failure to submit to his deposition on January 28, 2019. See [Redacted] at 7-9. Fed. R. Civ. P. 37(b)(2)(A) provides for sanctions when a party fails to comply with a court order and states in relevant part: "If a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders." FED. R. CIV. P. 37(b)(2)(A). Fed. R. Civ. P. 37(b)(2)(A)(v) allows for dismissal of the action in its entirety or in part. See FED. R. CIV. P. 37(b)(2)(A)(v). Fed. R. Civ. P. 37(d)(1)(A)(i) provides that the court can issue sanctions when "a party ... fails, after being served with proper notice, to appear for that person's deposition[.]" FED. R. CIV. P. 37(d)(1)(A)(i).

Dismissal is a drastic remedy which should generally only be used when lesser sanctions would be inappropriate. See Southern New England Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (citations omitted). "[H]owever, discovery orders are meant to be followed"; thus, dismissal is justified when noncompliance is attributed to willfulness, bad faith, or fault of the offending party. See id. (internal quotation marks and citations omitted). In deciding an appropriate sanction, "the court may consider the full record ... [specifically] the willfulness of the non-compliant party; the reasons for noncompliance; and whether the party has been warned of the consequences of noncompliance." Broadcast Music, Inc. v. Metro Lounge & Café LLC, No. 5:10-CV-1149 (NAM/ATB), 2012 WL 4107807, at *2 (N.D.N.Y. July 18, 2012) (citations omitted); see also Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.3d 849, 852-54 (2d Cir. 1995). The goals of sanctions are to "ensure that a party will not benefit from its own failure to comply ... [, act as] specific deterrents and seek to obtain compliance with the particular order issued [, and] ... serve [as] a general deterrent effect on the case at hand and on other litigation ..." Update Art, Inc. v. Modiin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (citing Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639 (1976)) (per curiam) (additional citation omitted).

As evidenced above, all relevant considerations support the dismissal of plaintiff's action as he has not communicated with either the Court or defendant since February 27, 2018, shortly after commencing this action. See Dkt. No. 5. Moreover, plaintiff did not comply with the Mandatory Pretrial Discovery and Scheduling Order by failing to appear for his deposition, despite being given proper notice

of the deposition, nor did he participate in the Court's telephonic status conference despite being given notice of the deposition and being warned of the consequences of failing to participate. See Dkt. Nos. 20, 23. Plaintiff's mail was never returned to the Court as undeliverable and he has never provided the Court with a different address; thus, it is presumed that plaintiff received all of the Court's communications. There is no indication that plaintiff's refusal to appear for his deposition or the Court's conference was anything but willful. The undersigned finds that the need to alleviate congestion on the Court's docket and prejudice to defendant outweighs plaintiff's right for a further opportunity to be heard in this matter. Accordingly, in the alternative to dismissal under Rule 41(b), it is recommended that dismissal be granted pursuant to Rule 37.

### III. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**\*5 RECOMMENDED**, that defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (Dkt. No. 26) be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED with prejudice**; and it is further

**RECOMMENDED**, that, in the alternative to dismissal pursuant to Fed. R. Civ. P. 41(b), defendant's Motion to Dismiss, insofar as it seeks dismissal pursuant to Fed. R. Civ. P. 37(d), be **GRANTED** and plaintiff's complaint (Dkt. No. 1) be **DISMISSED with prejudice**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with Local Rules.

Pursuant to 28 U.S.C. § 626(b)(1) and Local Rule 72.1(c), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Secretary of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(e), 72. [4]

Hutcheon v. Farnum, Not Reported in Fed. Supp. (2019)
2019 WL 7971873

Case 9:21-cv-00120-MAD-TWD    Document 52    Filed 04/20/23    Page 34 of 42

4    If you are proceeding pro se and are served with this
     Order by mail, three additional days will be added
     to the fourteen-day period, meaning that you have
     seventeen days from the date the Order was mailed
     to you to serve and file objections. FED. R. CIV. P.
     6(d). If the last day of that prescribed period falls
     on a Saturday, Sunday, or legal holiday, then the
     deadline is extended until the end of the next day

that is not a Saturday, Sunday, or legal holiday. Id.
§ 6(a)(1)(C).

**IT IS SO ORDERED**.

**All Citations**

Not Reported in Fed. Supp., 2019 WL 7971873

---

End of Document

© 2023 Thomson Reuters. No claim to original U.S. Government Works.

2021 WL 1701754
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Terrence ANTHONY, Plaintiff,

v.

Michael LYONS, et al., Defendants.

9:18-CV-0849 (GLS/CFH)
|
Signed 04/12/2021

**Attorneys and Law Firms**

Terrence Anthony, 17-A-1847, Montgomery County Jail, P.O. Box 432, Fultonville, New York 12072, Plaintiff pro se.

OF COUNSEL: MICHAEL L. GOLDSTEIN, ESQ., Assistant County Attorney, Albany County Attorney's Office, 112 State St., Albany, New York 12207, Attorneys for Defendants.

**REPORT-RECOMMENDATION AND ORDER**

CHRISTIAN F. HUMMEL, U.S. MAGISTRATE JUDGE

**I. INTRODUCTION**

**\*1** On July 19, 2018, Plaintiff pro se Terrence Anthony ("Plaintiff") commenced this action for claims arising out of an incident which occurred on April 11, 2017, while he was incarcerated at the Albany County Correctional Facility. Dkt. No. 1 at 1; Dkt. No. 50 at 2. Plaintiff filed a complaint and application to proceed in forma pauperis ("IFP"). Dkt. Nos. 1, 5-6. Plaintiff alleges Eighth Amendment claims relating to: (1) conditions of confinement against Defendants Corrections Officer ("C.O.") Miller, C.O. Larry, Michael Lyons, and Chief of Corrections Brian Mooney; (2) excessive force against defendant William Carhart; and (3) failure to protect against Defendants Lyons and Mooney. Dkt. No. 50 at 2-4; see Dkt. No. 49 at 2.

Presently pending before the Court is Defendants Lyons, Mooney, and Carhart's motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure ("Fed R. Civ. P.") 41(b) and Rule 10.1(c)(2) of the Local Rules of the Northern District of New York ("Local Rules"). Dkt. No. 91-6 at 5-6. Plaintiff did not oppose this motion. For the

reasons set forth below, it is recommended that Defendants Lyons, Mooney, and Carhart's motion to dismiss for failure to prosecute be granted, and that Plaintiff's claims against unserved defendants C.O. Larry and C.O. Miller be dismissed without prejudice.

**II. BACKGROUND**

On July 19, 2018, the Court issued an Order directing administrative closure and denying plaintiff's in forma pauperis (IFP) application. Dkt. No. 4. On July 27, 2018, Plaintiff re-applied to proceed IFP and the case was reopened; however, on August 8, 2018, Plaintiff's second IFP application was denied as incomplete. Dkt. No. 5; Dkt. No. 7; Dkt. No. 8. On January 4, 2019, the Court issued a Decision and Order granting Plaintiff's IFP application and ordering dismissal with prejudice of Plaintiff's claims against the State of New York under the Eleventh Amendment, and dismissed the remainder of Plaintiff's claims without prejudice. Dkt. No. 15 at 2, 10. On January 30, 2019, Plaintiff filed his first amended complaint, and on February 27, 2019, the Court issued a Decision and Order concluding that Plaintiff's Eighth Amendment conditions of confinement claims, excessive force claim, and failure to protect claims survived sua sponte review. Dkt. No. 16; Dkt. No. 17 at 17. On May 17, 2019, Defendants Lyons, Mooney, and Carhart filed their answer to the amended complaint. See Dkt. No. 27.

Next, the Court granted a variety of extensions. On June 19, 2019, all deadlines were extended 60 days at Plaintiff's request. Dkt. No. 29; Dkt. No. 33. At this time, the Court notified Plaintiff that it would not "indefinitely adjourn" the action and that further extensions "must be accompanied by a showing of good cause." Dkt. No. 33. On January 15, 2020, in response to Plaintiff's third amended complaint, all deadlines were extended by 60 days. See Dkt. No. 56. On March 6, 2020, Plaintiff and counsel for Defendants Lyons, Mooney, and Carhart attended a discovery hearing. Defendants indicated that they had not received any of Plaintiff's Rule 26 disclosures. Text Min. Entry dated Mar. 6, 2020.

**\*2** On April 22, 2020, Defendants requested a 60-day extension of the discovery and dispositive motion deadlines because Plaintiff had not provided an updated address or contact information following his release from state custody. Text Min. Entry dated May 28, 2020; Dkt. No. 75. The Court granted this request on April 23, 2020, and "remind[ed]

plaintiff of his duty to provide a current address to the Court and that any failure to attend a deposition, participate in discovery, or comply with court orders may result in dismissal of his case." Dkt. No. 76. On April 27, 2020, Plaintiff notified the Court in writing that his address had changed to the Montgomery County Jail; however, the Court's April 23, 2020 Order, which was sent to this address, was returned as undeliverable. Dkt. No. 77; Dkt. No. 85.

On May 28, 2020, Plaintiff notified the Court by telephone to provide an updated mailing address of 115 Nutgrove Lane, Albany, New York 12202. Dkt. No. 81; Text Notice dated May 28, 2020. At that time, the clerk advised Plaintiff that he must notify the Court in writing about his change of address. Text Notice dated May 28, 2020. On June 16, 2020, the Court noted that Plaintiff did not update the Court regarding his new address in writing, and directed Plaintiff to "notify the Court of his current address in writing, within fifteen days of the date of this Order." Text Min. Entry dated June 16, 2020. On July 13, 2020, the Court's June 16, 2020 Order was re-served to Plaintiff at the Nutgrove Lane address. Dkt. No. 85. Plaintiff failed to update his address in writing within 15 days, as the Court ordered in its June 16, 2020 Order. Additionally, two deposition notices that Defendants sent to the Nutgrove Lane address were returned as undeliverable. Dkt. No. 91-2; Dkt. No. 91-3. The Court extended the deadlines for discovery and dispositive motions to August 24, 2020 and October 26, 2020. Dkt. No. 83. It also informed the parties that there would be no further extensions of these deadlines. Id.

On August 19, 2020, the Court scheduled a discovery conference for August 31, 2020, and "advised [Plaintiff] that failure to appear at Court Ordered conferences or to abide by Court Orders may result in dismissal of his case." Dkt. No. 87. Plaintiff failed to appear for this conference. Dkt. No. 88. On September 2, 2020, the Court extended the discovery deadline to October 9, 2020, and again notified Plaintiff that "failing to appear for his deposition, appear at Court ordered conferences and failing to participate in the exchange of discovery can result in ... sanctions, to include dismissal" of his case. Id. This Text Order and the August 19, 2020 Order were served on Plaintiff. Dkt. No. 87; Text Min. Entry dated Sept. 2, 2020. On October 1, 2020, Plaintiff failed to appear for his deposition. Dkt. No. 89 at 1. On October 30, 2020, Defendants Lyons, Mooney, and Carhart filed a Motion to Dismiss for Failure to Prosecute. Dkt. No. 91-7; Dkt. No. 90. Plaintiff did not respond.

## III. DISCUSSION

### A. Standard of Review

Fed. R. Civ. P. 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1963); see Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); see also N.D.N.Y. L.R. 41.2(b). As dismissal under Rule 41(b) is a "harsh remedy ... [it] is appropriate only in extreme situations." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996) (citation omitted). Furthermore, where the plaintiff is proceeding pro se, "courts should be especially hesitant to dismiss for procedural deficiencies." Id.; see also LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001).

Determining whether an action should be dismissed under Rule 41(b) involves the analysis of five factors. The court must examine:

> **\*3**  (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas, 84 F.3d at 535 (citing Jackson v. City of New York, 55 F.3d 71, 74–76 (2d Cir. 1994)); Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1988). "No one factor is dispositive." United States ex. rel Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Peart v. City of New York, 995 F.2d 458, 461 (2d Cir. 1993)).

### B. Analysis

### 1. Duration of Delay

There are two inquiries the Court reviews in assessing the duration of delay: "(1) whether the failures to prosecute were those of the plaintiff, and (2) whether those failures were of significant duration." Drake, 375 F.3d at 255 (citing Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001)). The initial inquiry asks "whether or not the delay was caused by plaintiff's side as a whole." Drake, 375 F.3d at 255. In Jackson v. City of New York, the Second Circuit found that "the parties were in constant contact with each other and the judge," and as such that "the delays [were] as much the defendants' fault as they were [the plaintiff's]." 22 F.3d 71, 75 (2d Cir. 1994). Here, the delays were due to Plaintiff's failure to comply with Court orders to serve his Rule 26 disclosures, provide a written address to the Court in writing, appear at the August 31, 2020 discovery conference as directed by the Court, and appear for his deposition. Dkt. No. 60; Dkt. No. 88; Dkt. No. 91-5 at 3:8–9; Dkt. No. 91-6 at 7. As such, Plaintiff caused the delay in this case.

Thus, the next question is whether those failures were of significant duration. Drake, 375 F.3d at 255. "[T]here is no 'magic number'" for the length of the delay. Copeland, 194 F.R.D. at 132. Instead, the inquiry focuses on whether the plaintiff delayed the case "without excuse" by, for example, "disregarding the orders of the Court" and missing deadlines. Id. at 132, 134; Peart, 992 F.2d at 461. Plaintiff's last involvement in this case was his call to the Court on May 28, 2020. Dkt. No. 81. As Plaintiff failed to follow the Court order to provide the Court and Defendants with a written notice of his current address, and alleged that he could not access an electronic device to appear at a video deposition, Defendants had to request extensions of the discovery and dispositive motion deadlines, delaying the matter by another 60 days. Dkt. No. 83; see Dkt. No. 82. Plaintiff also failed to appear for the August 31, 2020, discovery conference, requiring rescheduling to October 9, 2020. Dkt. No. 88; Dkt. No. 91-6 at 3.

Local Rule 41.2(a) states that "the plaintiff's failure to take action for four ... months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). Plaintiff's failure to prosecute has caused this case to be delayed since April 27, 2020, the date he last participated in this case. See Dkt. No. 77. This is a significant delay, given that Plaintiff provided no excuse for his failure to comply with Court orders and discovery deadlines. As such, this factor weighs in favor of dismissal.

### 2. Notice

**\*4** The second factor the Court assesses in determining whether to dismiss for failure to prosecute requires that the plaintiff receive express notice from the Court that further delays would result in dismissal. Lucas, 84 F.3d at 535. The Court's orders of April 23, 2020, August 19, 2020, and September 2, 2020, all state that Plaintiff's failure to comply with Court orders and participate in the discovery process could lead to the imposition of sanctions, including the dismissal of his case. Dkt. No. 76; Dkt. No. 87; Dkt. No. 88. All Court orders were served on Plaintiff at the address he had provided to the Court. Id. Plaintiff had received express notice from the Court that failure to prosecute his case could lead to the dismissal of his case. Therefore, this factor weighs in favor of dismissal.

### 3. Prejudice to Defendants

The third factor the Court must review examines whether the defendants have been prejudiced by the plaintiff's failure to prosecute. See Lucas, 84 F.3d at 535. Prejudice to the defendant can be presumed where the plaintiff's delay is unreasonable; however, "the need to show actual prejudice is proportionally greater" if the delay is "moderate or excusable." Lyell Theatre Corp. v. Loews Corp., 682 F.3d 37, 43 (2d Cir. 1982) (citing Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956)). Such prejudice can be presumed because "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999) (citing Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986)).

Here, Plaintiff failed to comply with multiple Court orders in the face of warnings that failure to comply would risk dismissal. See Dkt. No. 60; Dkt. No. 88; Dkt. No. 91-5 at 3:8–9; Dkt. No. 91-6 at 7. As such, his actions unreasonably delayed the case, and so prejudice to Defendants can be presumed due to the increased likelihood that relevant evidence may be lost. Shannon, 186 F.3d at 195. Furthermore, this action has been pending since 2018, concerns an incident that occurred in 2017, and has seen its discovery deadlines

pushed back by several months. See Dkt. No 1 at 1; Dkt. No 29 at 5–6; Dkt. No. 50 at 2; Dkt. No. 88. This passage of time makes evidence "increasingly unlikely to be available," which prejudices Defendants. Heendeniya v. St. Joseph's Hosp. Health Ctr., 830 F.App'x 354, 358 (2d Cir. 2020) (summary order) Thus, even if prejudice were not presumed, Defendants have still been prejudiced by Plaintiff's delays, as the amount time that has passed since the occurrence of the alleged incident makes it more difficult for them to access evidence. See Heendeniya, 830 F.App'x at 358; Shannon, 186 F.3d at 195. Therefore, this factor weighs in favor of dismissal.

### 4. Balance Between Calendar Congestion and Due Process Rights

The fourth factor the Court assesses in determining whether to dismiss for failure to prosecute requires the Court to balance managing its docket with the plaintiff's interest in receiving a fair chance to be heard. Lucas, 84 F.3d at 535. A court cannot weigh its interest in managing its docket too heavily; instead, "compelling evidence of an extreme effect on court congestion" is necessary in order for this factor to weigh in favor of dismissal. Lucas, 84 F.3d at 535–36; Feurtado v. City of New York, 225 F.R.D. 474, 480 (S.D.N.Y. 2004) (citation omitted). A plaintiff's receipt of "specific notice that his case" is in danger of dismissal, and his failure to act on that notice, is sufficient protection of a plaintiff's right to be heard. Shannon, 186 F.3d at 195. Furthermore, a plaintiff's failure to "move the case toward trial" subordinates the plaintiff's interest in being heard to a court's interest in managing its docket. Heendeniya, 830 F.App'x at 358 (citing Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980)). Here, the Court provided Plaintiff with multiple opportunities to be heard, including extending the discovery deadline after Plaintiff failed to appear for the August 31, 2020 conference. Dkt No. 87; Dkt. No. 88. Therefore, this factor weighs in favor of dismissal.

### 5. Consideration of Lesser Sanctions

**\*5** The final factor the Court reviews in assessing whether to dismiss a case for failure to prosecute examines whether the court has adequately considered sanctions less drastic than dismissal. Lucas, 84 F.3d at 535. Less drastic responses include an extension of time or the imposition of a fine. Drake, 375 F.3d at 257; Spencer v. Doe, 139 F.3d 107, 114 (2d Cir.

1998). However, "district courts are not required to exhaust possible lesser sanctions before imposing dismissal ... if such a sanction is appropriate on the overall record." S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010). Moreover, dismissal has been found to be an "adequate remedy for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed." Rubin v. Labs., 319 F.R.D. 118, 122 (S.D.N.Y. 2016).

Plaintiff has not made any contact with the Court or Defendants since notifying the Court of his changed address by phone on May 28, 2020, and has disregarded multiple Court orders. Dkt. No. 81; Dkt. No. 87; Dkt. No. 88. As such, imposing a lesser sanction would be ineffective because Plaintiff's failure to comply with the Court's orders indicates that a lesser sanction would not motivate him to participate in this action. See Rubin, 319 F.R.D. at 122. Further, given that Plaintiff has not provided an updated address, and mail sent to the most recent address provided was returned to sender, the Court is unable to establish contact with Plaintiff. See Flynn v. Ward, 9:15-CV-1028 (BKS/CFH), 2019 WL 2085986, at \*2 (N.D.N.Y. May 13, 2019) (noting that lesser sanctions were unlikely to be successful where the plaintiff did not update the Court with an address and the Court "currently has no way of contacting [the] Plaintiff."). Even if the Court were to impose a lesser sanction such as a fine, it would have to "adequately address the prejudice Defendants had suffered" to be effective. Drake, 375 F.3d at 257. A fine is not likely to be effective in addressing the prejudice Defendants suffered from the delay in the case, as (1) Plaintiff is proceeding IFP and would be unlikely to pay, and (2) a fine does not mitigate the potential difficulty Defendants would face in collecting evidence on an incident that occurred in 2017. See Coss v. Sullivan Cnty. Jail Adm'r, 171 F.R.D. 68, 72-73 (S.D.N.Y. 1997) (holding that "the imposition of monetary sanctions [is not] an adequate penalty" to cure prejudice to the defendant where the plaintiff is proceeding IFP); Jackson v. United States, 8:17-CV-1157 (MAD/CFH), 2020 WL 109009, at \*5 (N.D.N.Y. Jan. 9, 2020) (finding sanctions less than dismissal inappropriate where the plaintiff repeatedly failed to provide updates about obtaining new counsel, failed to respond to the motion to dismiss for failure to prosecute, and failed to attend court-ordered telephone conferences). As such, this final factor also weighs in favor of dismissal. Thus, it is recommended that the Court grant defendants' motion to dismiss for failure to prosecute pursuant to Rule 41(b).

The undersigned concludes that dismissal is also warranted under Local Rule 10.1(c)(2), which requires parties to notify the Court of any change in address, and and 41.2(b), which allows for the dismissal of an action when a party fails to notify the Court of a change of address. See, e.g., Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y. 2006) (dismissing action due to the plaintiff's failure to comply with the Local Rule's requirement to notify the Court of a change of address). Accordingly, it is recommended that dismissal be granted pursuant to Rule 41(b) and Local Rule 10.1(c)(2). See, e.g., Hicks v. Stermer, 9:10-CV-1177 (LEK/DEP), 2011 WL 3841581, at *1 (N.D.N.Y. Apr. 24, 2011) (discussing that dismissal without prejudice, over dismissal with prejudice, pursuant to Rule 41(b) is appropriate where the pro se plaintiff failed to prosecute the action, and a sanction less severe than dismissal with prejudice).

### C. The Unserved Defendants

**\*6** Plaintiff never properly identified or served any complaint on defendants C.O. Larry or Miller. See Text Min. Entry dated June 16, 2020; Dkt. No. 56. Under Fed. R. Civ. P. 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless "the plaintiff shows good cause for the failure." FED. R. CIV. P. 4(m). The Second Circuit has said that "Rule 4 ... is to be construed liberally," and that failure to serve a defendant will lead to dismissal "unless it appears that proper service may still be obtained." Romandette, 807 F.3d at 311; Grammenos v. Lemos, 457 F.2d 1067, 1070 (2d Cir. 1972). Moreover, Rule 4(m) gives the court discretion "to extend the time for service." Jones v. Westchester Cty., 182 F. Supp. 3d 134, 144-45 (S.D.N.Y. 2016).

Here, the Court issued three orders extending Plaintiff's time to submit an amended complaint properly identifying C.O. Larry and C.O. Miller, ultimately extending his deadline to properly identify them until July 24, 2020. Text Min. Entry dated Oct. 18, 2019; Text Min. Entry dated Jan. 15, 2020; Text Min. Entry dated June 24, 2020. As Plaintiff did not properly identify these defendants in response to these orders, dismissal without prejudice for failure to timely serve is warranted. Therefore, because more 90 days have passed since Plaintiff filed his third amended complaint on November 14, 2019, the Court gave plaintiff notice of his duty

to identify and serve those Defendants, and service was not made within the set time limit, the undersigned recommends that Plaintiff's claims against C.O. Larry and C.O. Miller be dismissed without prejudice in accordance with Rule 4(m).

### IV. CONCLUSION

WHEREFORE, for the reasons set forth herein, it is HEREBY

**RECOMMENDED**, that Defendants Lyons, Mooney, and Carhart's Motion to Dismiss for Failure to Prosecute (Dkt. No. 91-6) be **GRANTED**, and that Plaintiff's complaint be **DISMISSED without prejudice** as to Defendants Lyons, Mooney, and Carhart for failure to prosecute under Fed. R. Civ. P. 41(b) and Local Rules 10.1(c)(2) and 41.2(b); and it is

**RECOMMENDED**, that Plaintiff's complaint, as set forth against unserved Defendants C.O. Miller and Larry be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m); and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a). [1]

[1]    If you are proceeding pro se and are served with this Report-Recommendation & Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation & Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day

**Anthony v. Lyons, Slip Copy (2021)**

2021 WL 1701754

that is not a Saturday, Sunday, or legal holiday. Id.
§ 6(a)(1)(c).

**All Citations**

Slip Copy, 2021 WL 1701754

---

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

1996 WL 481534
Only the Westlaw citation
is currently available.
United States District Court, N.D. New York.

Millicient FREEMAN, Plaintiff,
v.
Kevin LUNDRIGAN, C.O., Defendant.

No. 96–CV–1190 (RSP/RWS).
|
Aug. 22, 1996.

**Attorneys and Law Firms**

Millicient Freeman, Oriskany, NY, Pro se.

McLane and Smith, L.L.P., Utica, NY (Steven A. Smith, of counsel), for Defendant.

ORDER

POOLER, District Judge.

**\*1** By Order dated February 5, 1996 ("Order"), I approved the Order and Report–Recommendation of Magistrate Judge Ralph W. Smith, Jr., dated October 5, 1995, and dismissed this action as against Daniel Middaugh, Michael Durant, Todd Egger, Robert Stanton and Daryl Bourant. *See* Dkt. No. 11.

A copy of the Order was served on Freeman at her last known address by regular mail on February 6, 1996. On February 12, 1996, the Order was returned to the Court marked "No Longer at This Facility—Please Return to Sender." *See* Dkt. No. 12.

On June 19, 1996, Steven A. Smith, Esq., attorney for the defendant, filed an affidavit with the Court stating that he had attempted to serve a first set of interrogatories on Freeman at the address listed on the summons, and that it was returned to him by the Post Office marked "RTS" or return to sender. *See* Dkt. No. 14.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court. ⚐ *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962). This power to dismiss an action may be exercised when necessary to achieve orderly and expeditious disposition of cases. *See Rodriguez v. Walsh,* No. 92–Civ–3398, 1994 **WL** 9688, \*1 (S.D.N.Y. Jan. 14, 1994) (citations omitted).

Additionally, this Court specifically cautioned Freeman that her failure "to promptly notify the Clerk's Office of any change in her address ... [would] result in the dismissal of the instant action." *See* Dkt. No. 3 at 7.

Moreover, a plaintiff has the duty to inform the Court of any address changes. As I have stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent

Freeman v. Lundrigan, Not Reported in F.Supp. (1996)

upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility,* No. 95–CV–1525, 1996 **WL** 172699, *1 (N.D.N.Y. Apr. 10, 1996)* (Pooler, J.) (quoting *Perkins v. King,* No. 84–3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see*

*generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

This matter cannot proceed without notification to the Court by Freeman of her current address. Therefore, it is hereby:

ORDERED, that this action is dismissed, *See* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York, and it is further;

ORDERED, that the Clerk serve a copy of this Order on Freeman by regular mail at her last known address and on Steven A. Smith, Esq., attorney for the defendant.

**\*2** IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp., 1996 WL 481534

---

**End of Document**  © 2023 Thomson Reuters. No claim to original U.S. Government Works.