UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL DELGADO,

                                  **Plaintiff,**

  vs.                                                9:21-CV-00120
                                                            (MAD/TWD)

C.O. DELVIN, C.O. LAWFER, and
C.O. CABRERA,

                                  **Defendant.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**MICHAEL DELGADO**
(Last Known Address)
07-A-3535
Fishkill Correctional Facility
P.O. Box 1245
Beacon, New York 12508
Plaintiff *pro se*

**HON. LETITIA JAMES**                       **BRITTANY M. HANER, ESQ.**
Attorney General for the State of New York    Assistant Attorney General
The Capitol
Albany, New York 12224
Counsel for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

### I. INTRODUCTION

    *Pro se* Plaintiff, Michael Delgado, commenced this action on April 10, 2020, by filing a complaint pursuant to 42 U.S.C. § 1983 along with an application to proceed *in forma pauperis* ("IFP") while incarcerated in the Western District of New York ("Western District"). *See* Dkt. Nos. 1, 2. On February 1, 2021, Western District Judge Elizabeth A. Wolford granted Plaintiff's IFP application and severed and transferred Plaintiff's claims regarding events that occurred at

1

Clinton Correctional Facility to the Northern District of New York. *See* Dkt. No. 4.

In a Report-Recommendation and Order, Magistrate Judge Dancks recommended granting Defendants' motion to dismiss Plaintiff's complaint for failure to prosecute. *See* Dkt. Nos. 49, 52.

## II. BACKGROUND

Plaintiff filed his complaint in April 2020 while incarcerated at Attica Correctional Facility ("Attica C.F.") in the Western District of New York. *See* Dkt. No. 1. Plaintiff's claims concern the violation of his constitutional rights while in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Elmira Correctional Facility ("Elmira C.F.") and Clinton Correctional Facility ("Clinton C.F."). *See id.* On July 19, 2021, Plaintiff advised the Court of his transfer to Fishkill Correctional Facility ("Fishkill C.F."). *See* Dkt. No. 24. After several extensions requested by Defendants, the Court set the dispositive motion deadline for October 25, 2022. *See* Dkt. Nos. 30, 32, 37, 39. Defendants filed a motion for summary judgment on October 25, 2022, and Plaintiff's response was due November 15, 2022. *See* Dkt. Nos. 40, 41.

However, on October 31 and November 14, 2022, Plaintiff's mail, which had been sent to Fishkill C.F. by the Court, was returned as undeliverable and marked "released." *See* Dkt. Nos. 42, 44. On December 7, 2022, the Court issued a Text Order stating that Plaintiff, having been released from incarceration, must provide the Court with his new address within thirty days of the date on the Text Order and warning that Plaintiff's failure to do so may result in a recommendation to dismiss the action. *See* Dkt. No. 45. The Text Order was sent to Plaintiff's last known address. *See id.*

On January 27, 2023, the Court issued a Text Order stating that Plaintiff was released from incarceration on September 20, 2022, and has not notified the Court of his new address. See

2

Dkt. No. 47. The Order gave Plaintiff one final opportunity to provide his address and phone number by February 28, 2023, and show good cause as to why the Court should not recommend dismissal for failure to prosecute. *See id.* The Text Order was sent to Plaintiff's last known address but returned as undeliverable. *See* Dkt. Nos. 47, 48.

On March 7, 2023, Defendants filed a letter motion to dismiss the action for failure to prosecute, and the Court ordered Plaintiff to respond to the motion by March 28, 2023. *See* Dkt. Nos. 49, 50. The Order was sent to Plaintiff's last known address but was also returned as undeliverable. *See* Dkt. Nos. 50, 51. As of this date, Plaintiff has not responded to Defendants' motion nor provided the Court with his new address and phone number. *See generally* docket sheet.

In a Report-Recommendation and Order dated April 20, 2023, Magistrate Judge Dancks recommended the Court grant Defendants' motion and dismiss Plaintiff's complaint with prejudice. *See* Dkt. No. 52 at 8. Magistrate Judge Dancks considered the five factors the Court must examine when deciding whether dismissal for failure to prosecute is appropriate. *See id.* at 5-8. First, Magistrate Judge Dancks noted that Plaintiff has failed to communicate with the Court since his release from incarceration in September 2022, seven months prior to the filing of the Report-Recommendation and Order. *See id.* at 5. Magistrate Judge Dancks then found Plaintiff was notified that failure to comply may result in dismissal. *See id.* at 6. Next, Magistrate Judge Dancks determined that further delay would prejudice Defendants as the conduct alleged in the complaint occurred in 2017, and the action was commenced three years ago. *See id.* Magistrate Judge Dancks also found that the Court's interest in managing its docket outweighs Plaintiff's right to receive a further opportunity to be heard. *See id.* at 7. Finally, Magistrate Judge Dancks considered less severe sanctions and found them inadequate. *See id.* Accordingly, Magistrate

Judge Dancks recommended the Court grant Defendants' motion to dismiss for failure to prosecute. *See id.* at 8. Neither party objected to Magistrate Judge Dancks' Report-Recommendation and Order.

### III. DISCUSSION

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1).

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed IFP, "(2) . . . the court shall dismiss the case at any time if the court determines that-- . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

4

Rule 41(b) of the Federal Rules of Civil Procedure permits a court, in its discretion, to order dismissal of an action based on a plaintiff's failure to prosecute or comply with an order of the court. Fed. R. Civ. P. 41(b). It is considered an "inherent power" of courts to exercise this authority *sua sponte* to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). This discretion should be exercised with caution because dismissal is a particularly harsh remedy, especially against a *pro se* plaintiff. *Baptiste v. Sommers*, 768 F.3d 212, 216-17 (2d Cir. 2014).

When determining whether dismissal is appropriate under Rule 41(b) for failure to prosecute, courts must consider the following five factors: (1) the duration of the plaintiff's failure to comply with court orders; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket and the plaintiff's interest in a fair chance to be heard; and (5) whether the imposition of sanctions less drastic than dismissal is appropriate. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). In applying this test, the determination must be made based on the record as a whole—no one factor is dispositive. *See id.*

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that Defendants' motion should be granted and Plaintiff's complaint dismissed. According to the Local Rules, a "plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y. L.R. 41.2(a). As Magistrate Judge Dancks noted, Plaintiff has not updated his address or communicated with the Court since his release in September 2022, weighing in favor of dismissal. *See* Dkt. No. 52 at 5; *see generally* docket sheet.

As to the second factor, Magistrate Judge Dancks correctly found that Plaintiff was

warned that failure to notify the Court of any change in his address would result in dismissal of his action. *See* Dkt. No. 52 at 6. Plaintiff was on notice as early as March 15, 2021, that "Plaintiff [was] . . . required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address" and that "failure to do so [would] result in the dismissal of his action." Dkt. No. 6 at 21. This warning is also included in subsequent Orders of the Court and the Local Rules. *See* Dkt. Nos. 6, 45, 47; N.D.N.Y. L.R. 41.2(b). Thus, Plaintiff was on notice, and this factor weighs in favor of dismissal.

Magistrate Judge Dancks is also correct in finding satisfaction of the third factor, as Defendants are likely to be prejudiced by further delay in the proceedings. *See* Dkt. No. 52 at 6. As Magistrate Judge Dancks noted, Plaintiff commenced this action three years ago, and the alleged violation occurred six years ago, in 2017. *See id.* The extensive length of Plaintiff's inaction alone is sufficient to presume prejudice to Defendants. *See Washington v. Allen*, No. 9:21-CV-2, 2023 WL 1477489, *4 (N.D.N.Y. Jan. 9, 2023). Therefore, this factor also weighs in favor of dismissal.

As to the fourth factor, Magistrate Judge Dancks correctly determined that given Plaintiff's inactivity and lack of communication, the Court's interest in managing its docket outweighs Plaintiff's right to receive a further opportunity to be heard. *See* Dkt. No. 52 at 7; *see also Pena v. Zazzle Inc.*, 587 F. Supp. 3d 109, 114 (S.D.N.Y. 2022) (holding that "the Court has a strong interest in managing its docket and cannot indefinitely wait for [the plaintiff] to turn his attention to this case").

Finally, the Court agrees with Magistrate Judge Dancks that less drastic sanctions are inadequate in this case. *See* Dkt. No. 52 at 7; *see also Anthony v. Lyons*, No. 9:18-CV-0849, 2021 WL 1701754, *5 (N.D.N.Y. Apr. 12, 2021) ("Dismissal has been found to be an 'adequate remedy

6

for failure to prosecute where a plaintiff cannot be contacted, because the plaintiff would be unaware of any lesser sanction that could be imposed'") (quotation omitted).

## IV. CONCLUSION

After carefully reviewing Magistrate Judge Dancks' Report-Recommendation and Order and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendants' motion to dismiss (Dkt. No. 49) is **GRANTED** and Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 19, 2023
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge